**JOY v. IVY.**

**No. 9550.**

Court of Civil Appeals of Texas. Austin.

April 17, 1946.

Ross Huffmaster, of Kaufman, for appellant.

Thompson & Meek, J. Cleo Thompson, and Edward C. Meek, all of Dallas, for appellee.

McCLENDON, Chief Justice.

Appeal from a judgment of the district court dismissing an appeal to that court from an order of the county (probate) court appointing Frank Ivy (appellee) guardian of M. A. Joy, Jr., NCM, the son of appellant, M. A. Joy, Sr.

The order appointing Ivy was entered in the county court March 22, 1944, upon removal (apparently on the court's own motion) of Helen Ruth Joy as such guardian for failure to file an inventory or any annual account, the removal order reciting that she qualified as such guardian May 3, 1939. M. A. Joy gave notice of appeal from this order, his bond on appeal was fixed at $200. The bond was seasonably filed and approved. None of the proceedings in the county court showing the adjudication of insanity, the appointment and qualification of Mrs. Joy as guardian, or other proceedings prior to 1942, appear in the record. The proceedings, other than the above orders of removal and Ivy appointment, shown in the record are: Petition of bonding company, filed March 7, 1942, to remove Mrs. Joy as guardian for failure to pay bond premiums; answer of Mrs. Joy to that petition, filed March 25, 1942; motion of the bonding company, filed August 8, 1942, to remove Mrs. Joy as guardian for failure to comply with an alleged order of April 3, 1942, to make a new bond; unverified motion of M. A. Joy, Sr., filed November 13, 1942, to remove Mrs. Joy upon grounds later set forth; verified motion, filed by Mrs. Joy December 28, 1942, for continuance of the M. A. Joy, Sr., motion to remove her. The record does not show that the court ever acted upon any of these motions or applications.

The above M. A. Joy, Sr., motion to remove Mrs. Joy recited in substance that:

M. A. Joy, Jr., was never legally adjudged a lunatic; Mrs. Joy was not the wife of M. A. Joy, Jr., at the time of her appointment; if she was legally appointed she had been derelict in her duties as guardian; the entire lunacy proceeding was the result of a conspiracy as a predicate for litigation in pursuance of which a suit was brought against him by the guardian, which "was reversed by the Court of Civil Appeals." See Joy v. Joy, Tex.Civ.App., 156 S.W.2d 547. The record on appeal was filed in the district court April 24, 1944. October 13, 1945, M. A. Joy, Sr., filed in the district court a pleading styled "Original Pleading of Appellant," in which the allegations of his above motion in the county court, to the effect that the whole proceeding was a conspiracy to prosecute the suit against him, were reiterated, and it was alleged that M. A. Joy, Jr., was not and never had been insane. The prayer was for a decree that M. A. Joy, Jr., "is fully competent to handle all his own affairs." Ivy filed exceptions to this pleading to the effect (inter alia) that the relief sought was not the subject matter of the appeal from the probate court. These exceptions were sustained, and the appeal was dismissed; from which judgment M. A. Joy, Sr., has appealed.

As we gather from appellant's brief the gist of his complaint is embodied in the following quotation: " \* \* \* the mere fact that in the past there had been a guardian of the estate of Martin A. Joy, Jr., removed, did not prevent appellant from pleading and proving that even though when the former guardian was appointed, that at the time Frank Ivy was appointed, as well as long prior thereto and since, the said Martin A. Joy, Jr., was of sound mind, fully capable and competent to handle his own business."

The only authorities cited are the following two articles from our statutes, Vernon's Ann.Civ.St.:

Art. 4109: "Any person has the right to appear and contest the appointment of a particular person as guardian, or to contest any proceeding which he deems to be injurious to the ward, or to commence any proceeding which he considers beneficial to the ward, such person being liable for the costs occasioned by him in the case of his failure."

Art. 4128: " \* \* \* The guardian of a person of unsound mind or of an habitual drunkard shall continue as such, unless sooner discharged according to law, until the ward shall die or be restored to sound mind or to sober habits \* \* \*."

Unquestionably appellant had the right to contest the appointment of Ivy or any other person as guardian upon any appropriate ground. But neither the propriety of the original adjudication of insanity nor the issue of whether the ward had been restored to mental soundness, was germane to the appointing order appealed from.

The validity of the original adjudication could only be questioned by appeal from that order, the time for which had long since passed.

In so far as concerns restoration the procedure is prescribed in Arts. 4282, 4283, and 4284, VACS. This procedure requires verified application to the county judge, notice to the guardian, and hearing. Manifestly this procedure is exclusive. See 28 Am.Jur., p. 689, § 51.

The trial court's judgment is affirmed.

Affirmed.