Nicholas S. RUSSELL, Appellant,

v.

Frank M. McMULLEN, Appellee.

No. 18366.

Court of Civil Appeals of Texas, Fort Worth.

June 26, 1980.

Yarborough, Yarborough & Stallings, and Charles D. Yarborough, Bedford, for appellant.

J. Dan Connelly, John H. Chambers, Arlington, for appellee.

OPINION

HUGHES, Justice.

Nicholas S. Russell has appealed from an order of the trial court which enjoined him

from soliciting any new business from or continuing business relations with customers of Frank M. McMullen.

We reverse and vacate the injunction.

During negotiations to purchase the vending machine business of McMullen, Russell signed an agreement that he would not solicit business from McMullen's customers if the sale did not occur. After agreeing in principle to complete the sale, Russell began servicing some of McMullen's customers in anticipation of such completion. However, while the sale was still executory, Russell learned of certain circumstances concerning McMullen's business which caused him to repudiate the sale. Even so, Russell continued to service some of the customers.

McMullen sought a temporary restraining order, temporary injunction and permanent injunction to prevent Russell from either soliciting any new business or carrying on any business relations established with those of McMullen's customers who had elected to keep their business with Russell after the repudiation of the sale. The trial court temporarily enjoined Russell for six months from engaging in such activity. Russell has appealed complaining error on the face of the injunction.

After the hearing on March 7, 1980, the trial judge wrote a letter to all attorneys of record in which he stated his intention to grant the injunction and his reasons for so doing. A copy of this letter is included in the transcript. On March 26, the trial judge signed the order granting temporary injunction. Therein he referred to the letter of March 7, but did not state in the order any specific reasons for granting the temporary injunction. Neither did he incorporate the March 7 letter by reference.

■ Russell complains that by failing to include the reasons for granting the temporary injunction in the order, the trial court committed reversible error in failing to comply with Tex.R.Civ.P. 683. We sustain this point. Rule 683 states: "Every *order* granting an injunction . . . shall set forth the reasons for its issuance; . . ."

(emphasis ours). The rule is very explicit and compliance with its provisions is mandatory. It is clear that the order in this case does not state the reasons for the granting of the temporary injunction. Accordingly, the temporary injunction is defective in that it does not include the reasons for its issuance.

■ We are unable to consider the trial judge's letter, even though it states the trial judge's reasons for granting the temporary injunction. Tex.R.Civ.P. 376 stipulates the content of a transcript, and the list of required items does not include letters from the trial judge to counsel of record. A court of civil appeals can consider only matters properly included in the transcript. *Rotello v. State*, 492 S.W.2d 347, 350–51 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.) The letter in the present case is not an order, nor is it incorporated into the order issuing the temporary injunction. Though we are aware of the existence of the trial judge's reasons for granting the temporary injunction, we cannot consider them since they are not properly before us.

McMullen argues that we are able to consider the March 7 letter of the trial judge, and cites as authority a recent opinion of this court, *Green v. Stratoflex, Inc.*, 596 S.W.2d 305 (Tex.Civ.App.—Fort Worth 1980, no writ). *Green* involved a temporary injunction where we quoted from a letter written by trial judge to the attorneys of record in that case. The quotation appears to contain the trial judge's reasoning for granting the temporary injunction. Even though it may so appear, we did not quote from the letter to substantiate for any failure of the trial court to enumerate in the order its reasons for granting the temporary injunction.

In *Green* the order itself contained the requisite reasoning as to why it was granted. This was in compliance with Rule 683. We utilized the quoted portion of the trial judge's letter in *Green* to limit any potential future application of the harsh remedy afforded by the use of the temporary injunction, unless such a remedy was truly

justified. We found such a harsh remedy appropriate under the facts presented in *Green*. Without such a comment, *Green* might be used to justify imposition of a much harsher remedy than might be justified in future cases. Our use of the judge's letter was to make this point, and no more.

We have carefully considered the other points of error raised by Russell, and although each point is not specifically addressed herein, they are overruled. The judgment is reversed and the order of the trial court rendering a temporary injunction is vacated.