## GUARDIANSHIP OF Herbert & Max SCHELLENBERG, Incompetents.

### No. 13–84–191–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1985.

Rehearing Denied March 21, 1985.

Gary Schroeder, Perkins, Dreyer, Rather & Schroeder, Gonzales, for appellant.

R.L. Miller, Miller, Miller & Robinson, Gonzales, for appellee.

Before NYE, C.J., and SEERDEN, J.

## OPINION

NYE, Chief Justice.

This is an appeal from an order appointing Danny Schellenberg guardian of the persons and estates of Herbert Lee Schellenberg and Max Schellenberg, incompetents.

On March 5, 1984, appellee Danny Schellenberg made application for Letters of Guardianship over the persons and estates of Herbert and Max Schellenberg. Appellant Elaine Novak filed a response to the application on March 9, 1984, claiming that Danny was attempting to become guardian for his personal benefit and that his appointment would be harmful to the wards. At this time, she requested the matter be heard before a jury and paid a jury fee. Appellant, who is the sister of the wards, was previously removed as guardian of their estates.

On April 3, 1984, the trial court held a hearing "to reduce to writing and enter of record the findings and orders made by the

court in its letter of March 14." [1] At this time, the trial court entered an order appointing Danny Schellenberg as guardian without hearing evidence concerning his qualifications.

On appeal, Novak asserts as her sole point of error that the trial court erred in refusing her right to a trial by jury and denying her the right to present evidence contesting the appointment of Danny Schellenberg as guardian. Novak argues that, under TEX.PROB.CODE ANN. § 113 (Vernon 1980) she had a right to present her contest. This section states:

Any person has the right to appear and contest the appointment of a particular person as guardian, or to contest any proceeding which he deems to be injurious to the ward, or to commence any proceeding which he deems beneficial to the ward.

She also argues that she was entitled to a jury trial under TEX.PROB.CODE ANN. § 21 (Vernon 1980), which provides:

In all contested probate and mental illness proceedings in the district court or in the county court or statutory probate court, county court at law or other statutory court exercising probate jurisdiction, the parties shall be entitled to trial by jury as in other civil actions.

The record reflects that, on April 3, 1984, Novak filed a formal contest to the appointment of Danny Schellenberg as guardian and requested that the First National Bank of Gonzales be appointed guardian. The motion stated that Danny Schellenberg was statutorily disqualified to serve as guardian because his conduct is notoriously bad, because his mother and father were parties to a lawsuit whose outcome would affect the persons for whom the guardian is to be appointed, and that his inexperience and lack of education would show that he is incapable of properly and prudently managing and controlling the estate of the wards. These allegations are in accordance with

---

**1.** The letter of March 14, 1984 from the judge to the attorneys is not before us as part of the record. Therefore, it cannot be considered.

*Russell v. McMullen,* 601 S.W.2d 812 (Tex.Civ. App.—Fort Worth 1980, no writ).

grounds for disqualification under TEX. PROB.CODE ANN. § 110 (Vernon 1980).

■ The trial court had apparently announced its judgment appointing Danny Schellenberg on March 14, 1984, but did not sign the order appointing him as guardian until April 3, 1984. The order clearly shows that appellant's contest was before the court prior to the entry of the order. It states that the trial court found that appellant's contest of the application of Danny Schellenberg did not show any disqualification of him to act as guardian. This was error. *See* TEX.PROB.CODE ANN. § 110.

The record shows that the trial court did not hear any evidence at the April 3, 1984 hearing regarding the appointment of Danny Schellenberg as guardian. At the commencement of this hearing, the trial judge first announced that he had held a hearing early in March regarding the appointment of Danny Schellenberg as guardian; but, later in the hearing, the trial court reversed itself and said that the matter of the appointment of Danny Schellenberg as guardian was not heard by the court on March 6, 1984.

The central issue before us is whether the trial court's refusal to hear evidence on Novak's contest requires a reversal and remand of the case. We find that it does.

■ The trial court announced at the hearing that it had authority to appoint a guardian under TEX.PROB.CODE ANN. § 119 (Vernon 1980), which states:

> If a person appointed guardian fails to qualify as such according to law, or dies, resigns, or is removed, the court shall appoint another guardian in his stead, upon application, but without further notice or citation.

We agree that the trial court had authority to appoint a guardian under the certain enumerated circumstances of § 119 of the Probate Code. However, we also find that Novak had an absolute right to contest the appointment of Schellenberg as guardian upon any appropriate ground. *See Joy v. Ivy,* 194 S.W.2d 411 (Tex.Civ.App.—Austin 1946, no writ). The appellant properly contested the appointment, but the trial judge specifically stated that he was overruling appellant's motion to contest without hearing any evidence. This was error.

We find that the contest of Elaine Novak sets forth at least two allegations which, if proven by her, would have been grounds for the disqualification of Danny Schellenberg under TEX.PROB.CODE ANN. § 110 (Vernon 1980). The record clearly reflects that the contest was before the court when it ruled. The allegations set forth in her contest were sufficient to raise a fact issue regarding Danny Schellenberg's qualifications as guardian. The trial court should have allowed her to present evidence on her contest before a jury since all of the prerequisites had been met. Appellant's ground of error is sustained. The judgment of the trial court is reversed and the cause is remanded for trial.