In re Marilyn S. JOHNSON, Relator.

No. 08–07–00009–CV.

Court of Appeals of Texas,
El Paso.

Oct. 18, 2007.

Thomas H. Burton III, Houston, for Relator.

Rene Ordonez, Delgado, Acosta, Braden & Jones, P.C., El Paso, for Ad Litem.

David J. Ferrell, David J. Ferrell, PLLC, Cori A. Harbour, The Harbour Law Firm, P.C., El Paso, for real parties in interest.

Before CHEW, C.J., CARR, J., and BARAJAS, C.J. (Ret.)

## OPINION

KENNETH R. CARR, Justice.

In this original mandamus proceeding, Relator, Marilyn Johnson, asks this Court to order Respondent, the Honorable Max Higgs (Ret.), of the El Paso County Probate Court, to vacate his June 7, 2006, order removing her as guardian of the person of her son, Brian David Sprague ("Brian"). Relator further requests that this Court order Respondent, the Honorable Judge Eduardo Gamboa, of the El Paso County Probate Court, to vacate his September 12, 2006, order denying Relator's request for a jury trial under Tex. Prob.Code Ann. § 643. Because both orders could have been challenged by regular appeal, we deny mandamus relief.

### FACTUAL AND PROCEDURAL BACKGROUND

Brian is the subject of a legal guardianship proceeding which culminated in an

agreed order between Johnson and Brian's father, David Sprague ("Sprague") on April 13, 2005.[1] The April 2005 order appointed Johnson as Brian's guardian of the person and provided that Sprague would have the right to "substantial visitations" with his son. The order also appointed a separate guardian ad litem who, in consultation with Brian's parents, had the authority to determine Brian's educational and vocational activities and to select appropriate physicians and other medical professionals to manage Brian's health. The guardian ad litem was also given the authority to arrange Sprague's visits with Brian.

On March 13, 2006, Johnson filed a motion to remove Brian's guardian ad litem and to prevent Brian from traveling out-of-state to visit his father. On April 24, 2006, Sprague filed a motion to remove Johnson as guardian of the person, to appoint himself as successor guardian of the person, and to allow the proceeding to be transferred to Sprague's home in Eaton County, Michigan. Johnson answered Sprague's motion with a general denial and requested a jury trial.

The probate court held a hearing on Johnson's motion to remove the guardian ad litem. On June 7, the probate court entered an order which (1) denied Johnson's motion to remove the ad litem, (2) appointed the existing guardian ad litem as "Temporary Guardian of the Person," and (3) suspended Johnson's powers as guardian of the person. No action was taken on Sprague's motion at that time.

No further action was taken regarding Brian's care until September 12, 2006. In the September 12 order, the probate court denied Johnson's request for a jury trial on Sprague's outstanding motion. Johnson filed her petition for writ of mandamus on January 11, 2007. Johnson now asks this Court to vacate both the June and September 2006 orders. In Issue No. One, Johnson contends that the trial court abused its discretion by denying her request for a jury trial. In Issue No. Two, Johnson argues that the trial court erred by suspending her authority and replacing her with a "Temporary Guardian of the Person." Because relief through a regular appeal was available to reverse or otherwise remedy each order, we will deny the mandamus relief requested.

## DISCUSSION

■■■ Mandamus is an extraordinary remedy, available only to correct a clear abuse of discretion, when there is no adequate remedy available, usually in the form of a regular appeal. *See In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780–81 (Tex.2006) (orig.proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992)). It is the Relator's burden to show that she had no adequate remedy available at law.[2] *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004).

1. Brian was born with moderate to severe Down's syndrome. He is unable to independently care or provide for himself, due to his disability.

2. Only in circumstances where the trial court's order suffers a jurisdictional defect is the relator relieved of her duty to show that she had no adequate remedy at law. *See Buttery v. Betts*, 422 S.W.2d 149, 151 (Tex. 1967) (order setting aside judgment was void, because it was entered after the expiration of trial court's plenary power); *DB Entm't, Inc. v. Windle*, 927 S.W.2d 283, 289 (Tex.App.-Fort Worth 1996, orig. proceeding) (probate court's orders were void, and relator was relieved of burden to show lack of an adequate remedy at law, because probate court lacked statutory authority to transfer wrongful death case to itself).

■ In Issue No. One, Johnson asks this Court to direct the trial court to grant her request for a jury trial under Texas Probate Code section 643. In support of her argument, she cites two cases in which our sister courts of appeals determined that a trial court erred by denying a jury trial request in a guardianship proceeding. *See In re Guardianship of Norman*, 61 S.W.3d 20, 24 (Tex.App.-Amarillo 2001, pet. denied); *In re Guardianship of Schellenberg*, 694 S.W.2d 50, 52 (Tex.App.-Corpus Christi 1985, no writ). It is important to note, however, that neither of these cases was a mandamus proceeding. *See Norman*, 61 S.W.3d at 24 (trial court's dismissal reversed and remanded for further proceedings); *Schellenberg*, 694 S.W.2d at 52 (trial court's decision to summarily overrule motion to contest guardianship proceeding despite jury request reversed and remanded). In accordance with the cases cited above, had Johnson exercised her right to appeal, the cause could have been reversed and remanded for a trial by jury. *See Norman*, 61 S.W.3d at 24; *Schellenberg*, 694 S.W.2d at 52. Therefore, although the trial court may have erred in its September 2006 order, mandamus will not issue as Johnson has not shown she was without an adequate remedy at law. We deny the relief requested in Issue No. One.

■ Johnson's request for mandamus relief under Issue No. Two will be denied for similar reasons. Johnson argues that the trial court erred by suspending her powers as Brian's guardian of the person, because there was no motion seeking a temporary guardian before the trial court, nor were any statutory grounds for her removal asserted. Even assuming arguendo that the trial court did err by acting in violation of the Texas Probate Code in the June order, Johnson does not explain why such actions could not have been ad-dressed by regular appeal. Indeed, Johnson cites only one case, *Saldarriaga v. Saldarriaga*, 121 S.W.3d 493 (Tex.App.-Austin 2003, no pet.), to support her position that the trial court's order is "invalid." However, we must again note that *Saldarriaga* was not a mandamus proceeding. *See id.* at 495. In that case, the Austin Court of Appeals determined that the district court erred by circumventing the procedural requirements for the appointment of a guardian by appointing a "next friend" to act on the wife's behalf in a divorce proceeding. *See id.* at 494–95. The reviewing court reversed the district court's order appointing the "next friend" and remanded the case for further proceedings. *Id.* at 502. Assuming for the sake of argument that the probate court's June order was improper, *Saldarriaga* indicates the error could have been remedied by regular appeal. *See id.* at 494–95. As Johnson has not carried her burden to show she did not have an adequate remedy at law, we deny the relief requested in Issue No. Two.

## CONCLUSION

Because Relator has failed to carry her burden to show that she was without an adequate remedy at law, her request for mandamus relief is denied.

BARAJAS, C.J. (Ret.), sitting by assignment.