

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-14-00149-CV**

**IN RE RICHARD WALLRATH**

---

**Original Proceeding**

---

**MEMORANDUM  OPINION**[1]

---

We will grant mandamus relief if there has been an abuse of discretion *and* the relator has no adequate remedy at law, such as an appeal.  *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *In re Price,* 998 S.W.2d 897, 897 (Tex. App.—Waco 1999, orig. proceeding); *see also In re Johnson,* 238 S.W.3d 846, 847 (Tex. App.—El Paso 2007, orig. proceeding).  The relator has the burden of showing that he has no adequate remedy available at law.  *Johnson,* 238 S.W.3d at 847 (citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)).

---

[1] The background of this proceeding is well known to the parties; thus, we do not recite it here in detail. Because the dispositive issue is settled in law, we issue this memorandum opinion.  TEX. R. APP. P. 47.2(a), 47.4.

Because we conclude that relator has an adequate remedy at law in the form of seeking a temporary injunction in the trial court,[2] we deny his petition for writ of mandamus.[3] Our stay of the trial court's April 10, 2014 "Order on Defendants' Motion to Dissolve Rule 11 Agreement" is vacated.[4]


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs with a note)*
Petition denied
Opinion delivered and filed August 21, 2014
[CV06]

*(Chief Justice Gray concurs in the denial of the petition for writ of mandamus but does not join the Court's opinion.)

---

[2] The record shows that, in conjunction with the subject Rule 11 agreement, both sides agreed and understood that relator would seek a hearing on his application for a temporary injunction.

[3] We express no opinion on whether the trial court abused its discretion.

[4] We grant relator's and real parties' respective motions for leave.