**DENY; and Opinion Filed August 10, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00945-CV

### IN RE SONJA Y. WEBSTER, Relator

**Original Proceeding from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-10-865-2**

## MEMORANDUM OPINION
Before Justices Francis, Myers, and Schenck
Opinion by Justice Francis

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its July 2, 2015 order removing her as guardian of her adult daughter, N.S. Because we conclude the July 2, 2015 order is an appealable order, we deny the petition.

Relator is the biological mother of N.S. In October 2011, the trial court appointed relator guardian of the person of N.S. In February 2015, the trial court issued an order to show cause under section 1203.052(a)(6) of the Texas Estates Code requiring relator to show cause why she should not be removed as guardian. After a hearing on the order to show cause, the trial court signed an order dated April 2, 2015, removing relator as guardian and appointing relator and The Arc of Dallas as co-guardians. At a status conference on July 2, 2015, within the trial court's plenary power, the trial court granted new trial and set a date for the new trial. Also at the status conference on July 2, 2015, after the trial court granted new trial and without taking any

evidence, the trial court signed an additional order pursuant to section 1203.051(a)(6)(B) of the Texas Estates Code, removing relator as guardian of N.S. without notice and appointing The Arc of Dallas as guardian of the person of N.S.  The order required relator to immediately surrender any letters of guardianship and deliver to The Arc of Dallas any remaining assets of the estate of N.S.  The order further directed the clerk of court to issue letters of guardianship to The ARC of Dallas.  Relator contends that she is entitled to mandamus relief from this order.

Ordinarily to be entitled to mandamus relief, a relator must demonstrate the trial court has clearly abused its discretion and that relator has no adequate appellate remedy.  *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  Mandamus relief is not appropriate in this case because the July 2, 2015 order removing relator as guardian is a final order subject to immediate appeal.

A final order issued by a probate court is appealable to the court of appeals.  TEX. ESTATES CODE ANN. § 1022.001 (West 2015).  A final judgment is one that disposes of all pending parties and claims.  *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001).  Except when "specifically provided by law," there may be but "one final judgment" rendered in any cause.  TEX. R. CIV. P. 301.  Probate orders are an exception to the rule that there may be only one final judgment in a case.  *De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006).  In probate cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Lehmann,* 39 S.W.3d.  at 192.  These exceptions to the one-judgment rule are necessary because of the need to "review controlling, intermediate decisions before an error can harm later phases of the proceeding." *In re Guardianship of Miller*, 299 S.W.3d 179, 184 (Tex. App.—Dallas 2009, no pet.) (citing *De Ayala,* 193 S.W.3d at 578).

–2–

Nevertheless, not every order in a probate case is immediately appealable. *See De Ayala,* 193 S.W.3d at 578. Factors to be considered in determining whether a probate order is a final order subject to appeal include whether the order adjudicated a substantial right and whether the order disposed of all issues in that phase of the proceeding for which it was brought. *Id.* There is no need, however, to resort to the unique probate rules used to determine whether an ostensibly interlocutory order is appealable if the order is otherwise final. *In re Guardianship of Miller*, 299 S.W.3d at 184.

Texas law has long recognized that an order removing a guardian is a final appealable order. *See Whittenberg v. Craven*, 258 S.W. 152, 155 (Tex. Comm'n App. 1924, judgm't adopted) (guardian may appeal from the order attempting to remove him); *In re Johnson*, 238 S.W.3d 846, 848 (Tex. App.—El Paso 2007, orig. proceeding) (denying mandamus because any error in removing guardian could have been remedied by regular appeal); *In re Guardianship of Covington*, No. 02-11-00107-CV, 2012 WL 1556186, at *4 (Tex. App.—Fort Worth May 3, 2012, no pet.) (declining to address whether it was error for trial court to remove guardians because guardians had not appealed order of removal but only appealed order denying reinstatement); *see also Kirkland v. Schaff*, 391 S.W.3d 649, 655 (Tex. App.—Dallas 2013, no pet.) (appeal of order removing an estate administrator proper because the order brought to a conclusion a discrete phase of probate proceeding); *In re Estate of Washington*, 262 S.W.3d 903, 905 (Tex. App.—Texarkana 2008, no pet.) (same). Even though it may be error for a probate judge to render a final order without appropriate proceedings, an order is not interlocutory

–3–

simply because such proceedings were not conducted. *In re Guardianship of Miller*, 299 S.W.3d at 185.[1]

Although there is no question that the July 2, 2015 order removing relator as guardian is an appealable order, relator argues appeal is not an adequate remedy because a new trial on the same issues is scheduled on October 19, 2015 and the estates code does not provide any guidance for the status of relator's removal after the new trial. The absence of guidance in the estates code does not render appeal of the July 2, 2015 order an inadequate remedy. Texas law provides the guidance not explicitly present in the estates code. A probate order is the functional equivalent of a judgment when it finally disposes of a particular issue between parties. *Ajudani v. Walker,* 232 S.W.3d 219, 223 (Tex. App.—Houston [1st Dist.] 2007, no pet.) Thus, the probate court's plenary power to vacate, modify, correct, or reform a final order expires 30 days after it is signed. *See* TEX. R. CIV. P. 329b(d). Once a trial court loses plenary power, "any subsequent retrial would be a nullity." *In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *see also In re Torres-Medina*, No. 05-14-01046-CV, 2014 WL 4403830, at *1 (Tex. App.—Dallas Sept. 8, 2014, orig. proceeding) (divorce decree and income withholding order signed after new trial conducted outside of trial court's plenary power void).

Relator further argues that appeal is not an adequate remedy because requiring relator to challenge the removal order through an appeal deprives relator of the right to care for her adult

---

[1] Relator also argues that the removal of relator without actually conducting another trial and other than "as provided by law" renders the judgment void and subject to mandamus review. A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (quoting *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex. 2010)). There is no question in this case that the trial court had jurisdiction over the parties and subject matter and that the trial court retained plenary power at the time it rendered its new judgment. *Cf. Wichita Falls Traction Co. v. Cook,* 60 S.W.2d 764, 767 (Tex. 1933) (holding void new judgment rendered without trial after trial court's plenary power expired at end of term). Relator's argument here is simply that the trial court erred in rendering a new judgment in the manner in which it did. Even if relator is correct in her contentions, the trial court's judgment in these circumstances is erroneous, not void.

disabled child while the appeal is pending. But mandamus "is not a substitute for and cannot be used to perform the office of an appeal." *In re State*, No. 05-14-00572-CV, 2014 WL 2049545, at *1 (Tex. App.—Dallas May 15, 2014); *see also In re Bernson,* 254 S.W.3d 594, 596 (Tex. App.—Amarillo 2008, no pet.). Texas law provides appeal, rather than mandamus, as the method for review of orders removing a guardian under the estates code. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002) (providing for mandamus review of orders refusing to enforce mandatory venue).

Citing *In re Prudential*, relator finally urges us to grant the petition for writ of mandamus in this case because proceeding through mandamus review would allow the Court "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." We decline the invitation. There is nothing in this case that eludes review on appeal from the final judgment rendered on July 2, 2015.[2]

A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Relator has failed to establish that appeal is inadequate in this case. We deny the petition.

150945F.P05

/Molly Francis/

MOLLY FRANCIS
JUSTICE

---

[2] We note that the deadline to file a timely notice of appeal has already expired. TEX. R. APP. P. 26.1. The rules of appellate procedure allow for a fifteen-day grace period when a party files a motion that complies with 10.5(b) of the Texas Rules of Appellate Procedure setting forth the facts relied on to reasonably explain the need for an extension. TEX. R. APP. P. 26.3 The Texas Supreme Court has defined "reasonable explanation" to mean any plausible statement of circumstance indicating that failure to file the notice of appeal within the required period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Garcia v. Kastner Farms, Inc.,* 774 S.W.3d 668, 669 (Tex. 1989). The supreme court emphasized that "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance." *Id.*