285 S.W.3d 577 (2009)
In re Woody K. LESIKAR, as Trustee of the Woodrow V. Lesikar Family Trust, Trustee of the Woody K. Lesikar Special Trust, and Independent Executor of the Estate of Woodrow V. Lesikar, Relator.
No. 14-09-00016-CV.
Court of Appeals of Texas, Houston (14th Dist.).
May 7, 2009.
*580 J. Stephen Barrick, Houston, and Joe Alfred Izen, Bellaire, for Appellants.
Brett Wagner, Bobbie G. Bayless, David W. Holman, Houston, and Vaughn O. Stewart, Lake Jackson, for Appellees.
Panel consists of Justices YATES, GUZMAN, and SULLIVAN.

OPINION
EVA M. GUZMAN, Justice.
In this original proceeding, relator Woody K. Lesikar, as trustee of the Woodrow V. Lesikar Family Trust, trustee of the Woody K. Lesikar Special Trust, and independent executor of the Estate of Woodrow V. Lesikar, seeks a writ of mandamus ordering the Honorable Robert May, presiding judge of the 149th District Court of Brazoria County, to vacate his January 5, 2009 order that (1) granted the motion filed by real party in interest, Carolyn Ann Lesikar Moon, individually and as named trustee of the Carolyn Ann Lesikar Moon Special Trust, to strike the case from the jury docket; (2) denied Woody's motion for continuance of the trial; and (3) denied, in part, Woody's motion to compel discovery. We conditionally grant the petition in part, and deny it in part.

I. BACKGROUND
Because this case has made more than one journey through the appellate courts, a brief summary of the facts and the case's history is helpful in understanding not only the procedural posture in which it now comes before us, but also in distinguishing matters that have been finally resolved from those that remain at issue.
Carolyn Moon and Woody Lesikar are siblings. Their father, Woodrow V. Lesikar, established the Woodrow V. Lesikar Family Trust (the "Family Trust"), and provided that upon his death, separate special trusts would be created for his widow, his grandchildren, Carolyn, and Woody. See Moon v. Lesikar, 230 S.W.3d 800, 802 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). Specific assets or amounts were to be transferred from the *581 Family Trust to various trusts and charities, and the remainder was to be divided equally between Woody and Carolyn and distributed to their respective special trusts. Id. After her father's death, Carolyn sued Woody for construction of trust, declaratory judgment, an accounting, appointment of a receiver, injunctive relief, negligence, breach of fiduciary duty, conversion, and civil conspiracy. Id.

A. First Trial
Woody obtained partial summary judgment on some of Carolyn's claims; those claims were severed from the remaining issues and the judgment was affirmed by this court. Id. at 806. With regard to the remaining claims, the trial court appointed a special master to examine the Family Trust's records, create a plan to distribute the Family Trust's assets, and report to the court. Lesikar v. Moon, 237 S.W.3d 361, 365 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). The trial court adopted most of the special master's report, and Carolyn nonsuited some of her claims. Id. at 365-66. The remaining issues, including the issue of Carolyn's attorneys' fees, were tried to the bench. Id. at 365. On September 13, 2005, the trial court issued a final judgment, and as relevant to this proceeding, awarded Carolyn $400,000 in attorneys' fees. Id. Carolyn did not seek or receive a contingent award of additional attorneys' fees that might be incurred on appeal.
Woody appealed, and asserted that the evidence was legally insufficient to support the trial court's finding that, under the Declaratory Judgments Act and the Texas Property Code, $400,000 was a reasonable and necessary award for Carolyn's attorneys' fees. Id. at 375; TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 2008) (addressing attorneys' fees under the Declaratory Judgments Act); TEX. PROP.CODE ANN. § 114.064 (Vernon 2007) (governing attorneys' fees and costs for proceedings under the Texas Trust Code). We reversed and remanded for a new trial on the issue of attorneys' fees, and the Texas Supreme Court denied Carolyn's petition for review and for rehearing.

B. Proceedings on Remand
The case initially was tried without a jury, but on remand, Woody requested and paid the required fee for a jury trial. Both parties propounded discovery, and a jury trial was set for January 5, 2009. Woody then moved for a continuance to allow more time for discovery. At a hearing on the motion, the trial court stated that it would deny the motion for continuance if Carolyn provided a recreated itemization of her attorneys' fees. Carolyn's attorneys agreed to deliver the reports to opposing counsel on December 22, 2008. Shortly before 5:00 p.m. on December 22, 2008, Carolyn's attorney faxed discovery responses to opposing counsel. The responses did not contain a recreated itemization of Carolyn's attorneys' fees, although they did include some redacted partial time records from two law firms.
On December 30, 2008, Carolyn moved to strike the case from the jury docket. The argument and authorities included as support for her motion consist entirely of the following:
8. This case was remanded to this Court solely for a determination on the issue of segregation of attorney's fees. Lesikar v. Moon, 237 S.W.3d 361, 378 (Tex.App.-Houston [14th Dist.] 2007, pet. denied).
9. Segregation of attorney's fees is purely a legal issue and not proper for determination by a jury. Air Routing Int'l. Corp., et. al v. Britannia Airways, Ltd., 150 S.W.3d 682, 688 (Tex.App.-Houston [14th Dist.] 2004, no pet. h.) *582 [sic]; Stewart Title Guaranty Co. v. Sterling, 822 S.W.2d 1, 12 (Tex.1991) [sic].
Carolyn set her motion for a hearing to be held contemporaneously with the start of trial.
On January 5, 2009, the trial court granted Carolyn's motion to strike the jury demand and denied Woody's motion for continuance. The court also partially granted Woody's motion to compel, inasmuch as it required Carolyn to deliver unredacted copies of the previously-produced time records to Woody's attorney. Trial was then recessed until January 8, 2009.
On January 7, 2009, Woody filed a petition for writ of mandamus and a motion for emergency relief staying the trial. We granted the motion, and now address the issues raised in Woody's petition for writ of mandamus.

II. ISSUES PRESENTED
Woody requests mandamus relief requiring the trial court to place Carolyn's claim for attorneys' fees on the jury trial docket and compel Carolyn to provide additional responses to discovery.[1] Both Woody and Carolyn also ask that if we conclude Woody is entitled to a jury trial on the issue of attorneys' fees, we provide the parties and the trial court with instructions on the scope of the issues to be addressed by the jury.

III. STANDARD OF REVIEW
To be entitled to the extraordinary relief of a writ of mandamus, a relator must show that the trial court clearly abused its discretion and left him no adequate remedy by appeal. In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig.proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding) (per curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). To determine if a party has an adequate remedy by appeal, we ask whether "any benefits to mandamus review are outweighed by the detriments." In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding). An appeal is an inadequate remedy when a party stands to lose a substantial right. Walker, 827 S.W.2d at 842.

IV. ANALYSIS

A. Jury Trial
Carolyn moved to strike the case from the jury-trial docket on the grounds that (1) this court remanded the case solely "to allow the [trial] court to determine segregation," and (2) segregation is a matter of law for the trial court to resolve. The first contention is mistaken; the second is misleading. Because both parties have requested clarification of the scope of remand, which cannot be accomplished without further explaining the law concerning segregation of attorneys' fees, we begin our analysis there.

1. The Fee-Segregation Rule
Under the American Rule, trial courts have no inherent authority to require a losing party to pay the prevailing party's attorneys' fees. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602, *583 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 310-11 (Tex.2006); CA Partners v. Spears, 274 S.W.3d 51, 81 n. 20 (Tex.App.-Houston [14th Dist.] 2008, pet. denied). As a matter of settled law, attorneys' fees are not available to the prevailing party in the absence of an authorizing contract or statute. Tony Gullo Motors, 212 S.W.3d at 311 & n. 65 (citing Travelers Indem. Co. of Conn. v. Mayfield, 923 S.W.2d 590, 594 (Tex.1996)); Wm. Cameron & Co. v. Am. Surety Co. of N.Y., 55 S.W.2d 1032, 1035 (Tex.Comm'n App.1932, holding approved). Questions as to whether a particular contract or statute authorizes recovery of attorneys' fees present issues of contract or statutory construction, and these generally are questions of law for the court to decide. See Entergy Gulf States, Inc. v. Summers, 52 Tex. Sup. Ct. J. 511, 2009 WL 884906, at *2 (Tex. Apr. 3, 2009) (noting that statutory construction is a question of law) (citing F.F.P. Operating Partners., L.P. v. Duenez, 237 S.W.3d 680, 683 (Tex.2007)); Coker v. Coker, 650 S.W.2d 391, 394-95 (Tex. 1983) (explaining that courts construe unambiguous contracts and determine the existence of ambiguity as matters of law); New Amsterdam Cas. Co. v. Tex. Indus., Inc., 414 S.W.2d 914, 914-15 (Tex.1967) (construing contract and statute as a matter of law to determine whether recovery of attorneys' fees was authorized). Courts therefore determine, as a matter of law, whether a party who prevails on a particular cause of action has the opportunity to recover reasonable attorneys' fees that were necessary for the litigation of that claim.
Although the general rule has remained constant, the exception to the rule has changed. CA Partners, 274 S.W.3d at 81 n. 20. From 1991 to 2006, the exception to the fee-segregation rule applied "when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are `intertwined to the point of being inseparable.'" Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 11-12 (Tex.1991) (quoting Gill Sav. Ass'n v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex.App.-Houston [14th Dist.] 1989), modified, 797 S.W.2d 31 (Tex.1990) (per curiam)). With the issuance of Tony Gullo Motors in 2006, the factors that determine whether the exception to the fee-segregation rule applies shifted. After Tony Gullo Motors,
the determination focuses on whether the legal work performed pertains solely to claims for which attorneys' fees are not recoverable. Moreover, in making this determination, factfinders do not examine the work product as a whole, but parse the work into component tasks. See Tony Gullo, 212 S.W.3d at 313 ("But when Chapa's attorneys were drafting her pleadings or the jury charge relating to fraud, there is no question [that] those fees were not recoverable.") (emphasis added); id. at 314 ("Chapa's attorneys did not have to keep separate time records when they drafted the fraud, contract, or DTPA paragraphs of her petition; an opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no fraud claim.") (emphasis added). If any of the component tasks relate solely to a cause of action for which legal fees are not recoverable, the claimant must segregate the fees.
7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., 245 S.W.3d 488, 509 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). As explained in Tony Gullo Motors, the question of the extent to which the exception applies presents a mixed question of law and fact for the factfinder's determination:

*584 [T]he fees necessary to prove particular claims often turn on such facts-how hard something was to discover and prove, how strongly it supported particular inferences or conclusions, how much difference it might make to the verdict, and a host of other details that include judgment and credibility questions about who had to do what and what it was worth.

Tony Gullo Motors, 212 S.W.3d at 313 (emphasis added).

2. Carolyn's Recoverable Attorneys' fees
As we pointed out in Lesikar, Carolyn asserted claims under the Declaratory Judgments Act and the Texas Property Code, and each of which authorizes the recovery of such reasonable and necessary attorneys' fees as are equitable and just. Lesikar, 237 S.W.3d at 375 (citing TEX. CIV. PRAC. & REM.CODE ANN. § 37.009; TEX. PROP.CODE ANN. § 114.064). The amount of attorneys' fees that are both reasonable and necessary to the litigation of a particular claim presents a question of fact. See Ridge Oil Co. v. Guinn Invs., Inc., 148 S.W.3d 143, 161 (Tex.2004) (citing Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex.1998)). The total amount of attorneys' fees that are equitable and just presents a question of law committed to the trial court's discretion. Id. (citing Bocquet, 972 S.W.2d at 21). The trial court abuses that discretion if it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. See Bocquet, 972 S.W.2d at 21 ("[I]n reviewing an attorney fee award under the [Declaratory Judgments] Act, the court of appeals must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary, or when the award was inequitable or unjust."). The trial court has discretion to award attorneys' fees in an amount less than or equal to the amount determined by the factfinder to be reasonable and necessary. Ridge Oil Co., 148 S.W.3d at 161-62. Thus, the amount determined by the factfinder to be the reasonable and necessary fees for litigation of claims for which recovery is authorized sets the outer boundary of fees that may be awarded under the Declaratory Judgments Act or section 114.064 of the Texas Property Code, and the trial court may award so much of that sum as it determines to be both equitable and just.

3. Clarification of the Scope of Remand
As we previously pointed out, Carolyn is not entitled to recover attorneys' fees incurred solely to advance her nonsuited claims of breach of fiduciary duty, negligence, conversion, interference with inheritance, and civil conspiracy; however, she failed to segregate her claims for such nonrecoverable attorneys' fees from her claims for attorneys' fees authorized by the Declaratory Judgments Act or the Property Code. Lesikar, 237 S.W.3d at 378. We further explained that fees incurred for discrete legal services that advance more than one cause of action are recoverable if the claimant is entitled to recover attorneys' fees for that service under at least one of the claims advanced. Id. (citing Tony Gullo Motors, 212 S.W.3d at 313-14). Carolyn did not contend that the fees for all of her attorneys' time and services were incurred to advance claims for which recovery of attorneys' fees is authorized, yet some of the attorneys' fees awarded necessarily included legal services performed to assert or advance claims that were nonsuited or for which recovery of attorneys' fees is not authorized. We therefore remanded the case for a new trial for the limited purpose of determining, first, the factual question of the reasonable *585 amount of attorneys' fees necessary to perform legal services essential to litigate her claims under the Declaratory Judgments and the Property Code, and second, the amount of such fees that the trial court determines are equitable and just to award.
Contrary to Carolyn's assertions, we did not remand the case solely for identification, as a matter of law, of the causes of action for which attorneys' fees are potentially recoverable. Indeed, because this is question of law, no remand is necessary for such a determination. But when, as here, multiple causes of action are asserted, some of which allow fee recovery and some of which do not, then evidence of time or money necessary only to the litigation of claims for which attorneys' fees are not recoverable must be segregated from evidence of the reasonable amount of time or money necessary for the performance of legal services necessary to litigate claims for which attorneys' fees are recoverable. If a particular legal service was necessary to litigate a cause of action for which attorneys' fees are recoverable, such fees are not rendered unrecoverable merely because they also advance a claim for which attorneys' fees would not be otherwise available.
Applying the reasoning of Tony Gullo Motors to this case, the attorneys' fees that may be considered by the jury are those that are both reasonable and necessary to the litigation of Carolyn's claims under the Declaratory Judgment Act or section 114.064 of the Property Code, but do not include fees incurred for services necessary only to present or litigate her remaining claims.
On remand, Carolyn must present evidence to support a fee award, and such evidence may be presented in terms of the reasonable amount of time or money necessary to litigate particular claims. If a legal service necessary to the litigation of a claim for which attorneys' fees are available also advanced a claim for which attorneys' fees are not recoverable, then the exception to the general fee-segregation rule applies, and the amount of time or money that was reasonable to expend in performing the service need not be segregated among the claims it advanced.
The jury must then consider the evidence that particular amounts of time or money were reasonable for the performance of legal services necessary to the litigation of a claim for which attorneys' fees are available. In doing so, the jury weighs the evidence and considers (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex.1997) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(B)(1), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (STATE BAR R., art. X, § 9)); Lesikar, 237 S.W.3d at 375-76. After the jury determines the reasonable amount of fees necessary to litigate Carolyn's claims under the Declaratory Judgment Act and section 114.064 of the Texas Property Code, the trial court will exercise *586 its discretion in determining how much of this amount it is equitable and just to award, and render judgment accordingly.

4. Availability of Attorneys' Fees for Appeal
Carolyn additionally asks that we clarify the scope of the remand to allow her to present evidence of attorneys' fees incurred in the appeal. Woody agrees that the scope of the remand should be clarified, but asks us to state that Carolyn waived her claim for appellate attorneys' fees because she failed to present evidence or secure any findings regarding such fees in the first trial. See City of San Antonio v. Int'l Ass'n of Fire Fighters, 539 S.W.2d 931, 935 (Tex.Civ.App.-El Paso 1976, no writ) ("An Appellee that does not offer any evidence as to future attorney's fees and does not procure a finding and judgment thereon, waives any such recovery."); Loomis Constr. Co. v. Matijevich, 425 S.W.2d 39, 44 (Tex.Civ.App.-Houston [14th Dist.] 1968, no writ) ("By not having offered any evidence as to such future attorney fees and by not procuring a finding and judgment thereon, the appellee has waived any such recovery."). In fact, Woody previously asked this court, on October 25, 2007 and October 3, 2008, to clarify the judgment and mandate to specify that trial on remand is limited to Carolyn's claim for attorneys' fees incurred in the first trial. In light of the clear pronouncements of the Texas Supreme Court on this issue, we denied both motions. See Varner v. Cardenas, 218 S.W.3d 68, 69-70 (Tex.2007) (per curiam) ("We decline the invitation to allow two trials on attorneys' fees when one will do.") (citing Int'l Sec. Life Ins. Co. v. Spray, 468 S.W.2d 347, 349 (Tex.1971) (requiring proof of appellate fees in initial trial)).[2]
In Varner, as here, the court of appeals reversed an award of attorneys' fees that was based on unsegregated evidence of recoverable and nonrecoverable fees. Id. at 69. The court of appeals affirmed the trial court's denial of appellate fees on remand because the prevailing party offered no evidence regarding a reasonable fee for those services during the initial trial. Id. Our high court expressly refused the Varners' request to "change Texas procedure to allow post-judgment fees to be determined after appeal by remand to the trial court." Carolyn has not attempted to distinguish Varner, and offers no explanation why a change in settled law is justified in this case.
We conclude that Carolyn has waived any claim to appellate attorneys' fees on remand because in the initial trial, she failed to request appellate fees, present any evidence to support an award of appellate fees, or procure a finding or judgment on fees for appellate legal services. Therefore, Carolyn is limited on remand to trying her claim for attorneys' fees incurred in the first trial.

5. Right to Jury on Remand
The Texas Constitution guarantees the right to a trial by jury. Monroe v. Alternatives in Motion, 234 S.W.3d 56, 69 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (citing TEX. CONST. art. I, §§ 10, 15). This right, however, is not absolute in civil cases. Coleman v. Sadler, 608 S.W.2d 344, 346 (Tex.Civ.App.-Amarillo 1980, no writ). To secure the right to a jury in a *587 civil case, a party must make a written request to the clerk of the court and pay the jury fee. TEX.R. CIV. P. 216; In the Interest of M.M., 980 S.W.2d 699, 702 (Tex.App.-San Antonio 1998, no pet.).
In a letter brief without supporting citations to the record or any authority, Carolyn suggested that Woody waived his right to jury trial on remand because he purportedly waived his right to a jury in the first trial. We need not decide whether Woody waived his right to a jury in the first trial, because waiver of a jury in one trial does not affect either party's right to demand a jury in the second trial after remand where the demanding party has complied with Rule 216. In re Marriage of Stein, 190 S.W.3d 73, 76 (Tex. App.-Amarillo 2005, no pet.); Gordon v. Gordon, 704 S.W.2d 490, 492 (Tex.App.-Corpus Christi 1986, writ dism'd); Harding v. Harding, 485 S.W.2d 297, 299 (Tex. Civ.App.-San Antonio 1972, no writ). At the December 12, 2008 hearing, the trial court concluded that Woody had timely paid the jury fee. See TEX.R. CIV. P. 216(a) (requiring request for jury trial to be filed "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance"); Halsell v. Dehoyos, 810 S.W.2d 371, 371 (Tex.1991) (per curiam) (holding that a jury request in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial). In her response to Woody's petition, Carolyn does not challenge the timeliness of Woody's demand for a jury trial or the trial court's determination that Woody's demand was timely.
We conclude that the trial court abused its discretion by granting Carolyn's motion to strike the case from the jury docket. See In re Prudential Ins. Co., 148 S.W.3d at 139 (stating denial of trial by jury is reviewable by mandamus). Further, because Woody stands to lose a substantial right,[3] he does not have an adequate remedy by appeal. See Rosenthal v. Ottis, 865 S.W.2d 525, 529 (Tex.App.-Corpus Christi 1993, orig. proceeding) (stating adequate remedy by appeal does not exist for denial of jury trial). We therefore conditionally grant Woody's petition for writ of mandamus as it pertains to reinstatement of the case on the jury docket.

B. Request to Compel Discovery Responses
Woody further asks why the that we order the trial court to compel the production of discovery responses on Carolyn's claim for attorneys' fees. On December 12, 2008, the trial court heard Woody's motion to continue the January 5, 2009 trial setting to allow additional time to conduct discovery. After Carolyn's counsel promised to provide "a wealth of information" by December 22, 2008, including a detailed report itemizing her claim for attorneys' fees, the trial court denied Woody's first motion for continuance. The trial court also agreed that Woody could request further relief if he did not receive adequate information in the promised report. After Carolyn produced only redacted records rather than a "wealth of information" or a detailed report, Woody filed his second motion for continuance and a motion to compel. At the January 5, 2009 hearing, the trial court ordered Carolyn to produce an unredacted version of the records she had produced to Woody.
Woody now asserts that without additional discovery responses, his ability to cross-examine Carolyn's witnesses or present his own witnesses will be severely compromised, and he will be unable *588 to make such information part of the appellate record.[4] But aside from the unredacted billing records, which the trial court already has ordered Carolyn to produce, Woody has not identified the additional discovery responses he claims are necessary, stated why such additional responses are needed, explained why the trial court's discovery rulings are erroneous, or informed us why any such error constitutes a clear abuse of discretion. Although Woody contends that the trial court's error in denying the motion to compel and identification of the wrongfully-withheld discovery is apparent from the record, we cannot agree, particularly in light of the rules requiring exclusion of evidence responsive to discovery requests if the offering party failed to timely amend or supplement incorrect or incomplete discovery responses. See, e.g., TEX.R. CIV. P. 193.4(c), 193.5, 193.6. We therefore conclude that Woody has not shown his entitlement to mandamus relief directing the trial court to compel more complete responses to discovery.

V. CONCLUSION
We conditionally grant Woody's petition for a writ of mandamus with respect to the January 5, 2009 order granting Carolyn's motion to strike the case from the jury docket, and we direct the trial court to vacate that portion of its order and reinstate the case on its jury docket. We deny Woody's petition with respect to his request that we direct the trial court to vacate its order denying his motion to compel discovery. Woody's request that we compel the trial court to continue the January 8, 2009 bench trial is moot in light of our stay issued on January 7, 2009. In response to the requests of both Woody and Carolyn, we clarify that the scope of the trial on remand is limited to the determination of the amount of attorneys' fees that (a) were reasonable and necessary to the initial preparation and trial of Carolyn's claims under the Declaratory Judgments Act and the Texas Trust Code, and (b) it is equitable and just to award. Finally, we lift our previously-issued stay. The writ will issue only if the trial court fails to act in accordance with this opinion.
NOTES
[1] Although Woody also asked for mandamus relief compelling the trial court to continue the January 8, 2009 bench trial, that request is moot in light of our order staying trial.
[2] See also Everest Exploration, Inc. v. URI, Inc., 131 S.W.3d 138, 145 (Tex.App.-San Antonio 2004, no pet.) (rejecting appellee's request to remand for determination of appellate attorneys' fees and holding appellee had waived its right to pursue such fees by failing to present evidence or obtain ruling in trial court); Koval v. Henry Kirkland Contractors, Inc., No. 01-06-00067-CV, 2008 WL 458295, at *7 (Tex.App.-Houston [1st Dist.] Feb. 15, 2008, no pet.) (mem.op.) (same).
[3] Walker, 827 S.W.2d at 842.
[4] An appeal from a trial court's discovery order is not adequate if (1) the appellate court would not be able to cure the trial court's error on appeal; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) missing discovery cannot be made a part of the appellate record. In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998) (orig.proceeding) (citing Walker, 827 S.W.2d at 843).