**Affirmed and Memorandum Opinion filed March 14, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00516-CV

---

## IN THE MATTER OF THE ESTATE OF PATTY ANN SCHMIDT RICHARDSON, A/K/A PATTY S. RICHARDSON, DECEASED

---

**On Appeal from the Probate Court No. 4
Harris County, Texas
Trial Court Cause No. 394,824-401**

---

## MEMORANDUM OPINION

In this declaratory-judgment action, appellant Stilwell Retirement Residence challenges the trial court's denial of its request for an award of attorneys' fees. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Stilwell Retirement Residence ("Stilwell") was named as a remainder beneficiary in the testamentary trust of the decedent, Patty Ann Schmidt

Richardson. Richardson died in 2010, and Stilwell filed a petition in the probate court to ask for a declaration that the trust would terminate in 2015, five years after Richardson's death. After the trustee filed a general denial, Stilwell filed a motion for traditional summary judgment in which it asked the trial court to make the requested declaration and award Stilwell attorneys' fees of $27,975 for work performed through the date of judgment, together with additional attorneys' fees of $49,000 in the event that the trustee, on behalf of the estate and the trust, unsuccessfully appealed the judgment. The trustee did not file a response to the motion.

At the summary-judgment hearing, the trustee conceded that the trust would terminate five years from Richardson's death and opposed the judgment only on the issue of attorneys' fees. The trustee argued that Stilwell was not entitled to the fees sought in connection with an uncontested matter. In the ensuing discussion, the trial court stated, "I don't see how we can award attorney fees because this trust may be exhausted before it's terminated." In addition, the trial court stated, "I think we are prohibited from using the trust assets to pay the remainder beneficiaries' legal obligation of attorney[s'] fees."

The trial court signed a final judgment in which it declared that the trust would terminate on January 17, 2015 and denied Stilwell's request for attorneys' fees. No findings of fact and conclusions of law were requested or filed. In the sole issue presented, Stilwell contends that the trial court abused its discretion by failing to award Stilwell attorneys' fees.

## II. ANALYSIS

In a declaratory-judgment action, the trial court may award "reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE

2

ANN. § 37.009 (West 2008). Identifying the amount of attorneys' fees that are "reasonable and necessary" presents a question of fact, but determining the amount of those fees that it is "equitable and just" to award is a question of law for the trial court's sound discretion. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 161–62 (Tex. 2004). It is within trial court's discretion to conclude that it is "not equitable or just to award even reasonable and necessary fees." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Whether it is equitable and just to make a reduced award or none at all "is not a fact question because the determination is not susceptible to direct proof but is rather a matter of fairness in light of all the circumstances." *Ridge Oil Co.*, 148 S.W.3d at 162. We will not reverse the trial court's denial of attorneys' fees unless the complaining party shows a clear abuse of discretion. *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). The trial court abuses its discretion if it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *In re Lesikar*, 285 S.W.3d 577, 584 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

On appeal, Stilwell asserts that a trial court abuses its discretion by refusing to award attorneys' fees that are supported by an uncontroverted affidavit addressing the reasonableness and necessity of the attorneys' fees incurred. In support of this position, Stilwell relies on *Hunsucker v. Fustok*, 238 S.W.3d 421 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In that case, the First Court of Appeals addressed the right of a health-care provider under section 13.01(e) of former article 4590i to recover its reasonable and necessary attorneys' fees if a health-care liability claim against it is dismissed based on the plaintiff's failure to file an expert report. *Id.* at 423–24. The terms of the statute under which that case was decided included a provision making an award of such attorneys' fees to the

health-care provider mandatory. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01, 1995 TEX. GEN. LAWS 985, 986, *repealed and recodified as amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 2003 TEX. GEN. LAWS 847, 886, 884 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011)). This is not a health-care liability claim, however, and neither the case cited by Stilwell nor the statute discussed in *Hunsucker* apply here.

Unlike an award of attorneys' fees in a health-care liability claim, an award of attorneys' fees in a declaratory-judgment action is discretionary. A party is not entitled to such an award as a matter of law simply because the fees incurred were reasonable and necessary; the award also must be equitable and just. *Bocquet*, 972 S.W.2d at 21. Here, the trial court implicitly concluded that justice and equity did not require any attorneys' fees to be awarded in this case, and Stilwell has presented no argument challenging that determination. Moreover, the record does not indicate that the trial court's ruling was arbitrary or unreasonable. *See United Interests, Inc. v. Brewington, Inc.*, 729 S.W.2d 897, 906 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (recognizing that when evaluating a complaint that the trial court abused its discretion in failing to award a party attorneys' fees in a declaratory-judgment action, we may consider statements that the trial court made from the bench). At the hearing in connection with Stilwell's claim for attorneys' fees, the trial court stated that one trust provision prohibits the use of trust assets to pay the remainder beneficiaries' legal fees. Stilwell describes this as a "spendthrift provision" and asserts that it has no bearing on the question of whether attorneys' fees should be awarded in a declaratory-judgment action. We do not address this argument, because the trial court also pointed out that the trust may be exhausted before it is terminated. Because Stilwell ultimately would

receive nothing if the trust assets were depleted before it became entitled to a distribution, the trial court properly could conclude that justice and equity did not require trust funds to be diverted from the trust's current beneficiaries to pay attorneys' fees that Stilwell incurred in obtaining a declaration from which it may never benefit. *See id.* (finding no abuse of discretion where trial court's statements indicated that it "recognized that [the parties] had legitimate rights to pursue and, therefore, each should bear its own attorney's fees").

Because the record does not indicate that the ruling was arbitrary or unreasonable, we conclude that the trial court did not abuse its discretion. *See Ridge Oil Co.*, 148 S.W.3d at 163. We accordingly overrule the sole issue presented and affirm the trial court's judgment.


/s/     Tracy Christopher
         Justice


Panel consists of Justices Christopher, Jamison, and McCally.