

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00436-CV

_____

JOSEPH BRYANT VICK, Appellant

V.

LADONNA DENISE VICK, Appellee

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-700030-21

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

When the parties divorced, the trial court divided their community property, and it awarded Appellee LaDonna Denise Vick (Wife) the entirety of her pension plan. Then, after Appellant Joseph Bryant Vick (Husband) moved for a new trial, the court entered a post-judgment order awarding Wife attorney's fees as well. Husband challenges these rulings; he claims that the evidence was legally insufficient to support the disproportionate pension-plan division and that there was no legal basis for the post-judgment fee award. Both points are well taken. We will reverse the property division and post-judgment fee award, and we will remand the property division for a new trial.

## I. Background

About a year after Wife filed her pro se petition for divorce from Husband, the case proceeded to a bench trial, with both spouses appearing pro se.

## A. Trial

The trial was exceedingly brief; it was captured in fewer than 40 pages of transcript. Husband and Wife testified to their incomes and the value of some of their assets, but as relevant here, there was no testimony regarding the value of Wife's pension plan.[1] Nor was there any documentary evidence of the plan's value. In fact,

---

[1] Portions of Wife's brief appear to deny that Wife had a pension plan at all, claiming she had only a Thrift Savings Plan. For support, Wife points to her trial testimony that she did not have "a 401(k), IRA, [or] anything like that" and that she

there were no trial exhibits admitted at all. Regardless, the spouses asked the trial court to divide Wife's pension plan evenly, with 50 percent going to each of them.

At the conclusion of the bench trial, the trial court orally rendered judgment.[2] It also directed Wife to prepare a decree reflecting that judgment for Husband's approval and the parties to send the decree to the court within 30 days.

## B.    Delayed Divorce Decree

Months passed without a draft divorce decree being submitted, and meanwhile, a new judge took the bench in the trial court. Then, nine months after trial, Wife submitted a draft divorce decree and filed a motion asking the new judge to sign the decree. She hired counsel to represent her on the motion, and following a hearing, the

---

"only ha[d] one" retirement plan through her employer. However, in both instances the surrounding discussion clarified that Wife had a pension plan—but "only ha[d] one" pension plan, despite a break in service—and that such pension plan was in addition to her Thrift Savings Plan.

[2]The trial court used present-tense, directive language such as "I grant the divorce" and "I order that [Wife] be awarded the 2009 Toyota Venza" that clearly reflected an intent to immediately render judgment. *See S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995); *Araujo v. Araujo*, 493 S.W.3d 232, 236 (Tex. App.—San Antonio 2016, no pet.). And as part of this oral rendering, the court ordered that "[Wife's] pension plan . . . be divided 50/50." But the subsequent written decrees awarded Wife the entirety of her pension plan. Husband repeatedly references this discrepancy in his appellate brief, but he did not raise the discrepancy in the trial court, and on appeal, he frames the matter in terms of the sufficiency of the evidence to support the written decree. *See In re Marriage of Williams*, No. 14-15-00090-CV, 2016 WL 2997094, at *1 (Tex. App.—Houston [14th Dist.] May 24, 2016, no pet.) (mem. op.) (noting preservation requirements for objection to decree's failure to conform to oral rendition). Therefore, we do not address the written decree's failure to comport with the oral rendition.

trial court signed the divorce decree.[3] The decree awarded Wife the entirety of her pension plan.

## C. Motion for New Trial

Husband—after hiring counsel of his own—moved to set aside the decree or for a new trial. He averred that he had not received notice of the hearing on Wife's motion to sign,[4] and he objected to certain provisions of the divorce decree. Wife disputed Husband's allegations regarding notice, she argued that a new trial was not warranted, and she requested attorney's fees to cover her counsel's post-judgment representation. Wife did not cite or reference any legal authority for her request for attorney's fees.

After Husband's new-trial motion had been overruled by operation of law, the trial court heard arguments on the motion and issued an order denying it and requiring Husband to pay Wife $1,500 in attorney's fees.

---

[3]This divorce decree contained facially erroneous factual recitations. For example, it stated that "[t]he making of a record of testimony [at trial] was waived" even though the trial transcript demonstrates that it was not. And the decree also stated that "there [wa]s no child of the marriage," which was contradicted not only by the testimony at trial but also by the decree's own references to one of the couple's children.

[4]Husband's motion for new trial erroneously referred to the hearing on Wife's motion to sign as the "final trial." Regardless, the parties disputed whether Husband had received notice of or attended the hearing on Wife's motion to sign.

**D.    Amended Divorce Decree**

Although the trial court denied Husband's motion for new trial, it did amend the divorce decree[5] with changes in the property division not relevant to this appeal.[6]  The amended decree still awarded Wife the entirety of her pension plan, and it made no mention of the trial court's separate, post-judgment order for attorney's fees.  To the contrary, the amended divorce decree stated—as the original decree had—that "[t]o effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case."

---

[5]The trial court characterized its amended decree as a nunc pro tunc, but because the changes substantively altered the original divorce decree, and because the new decree was entered within the trial court's plenary power, it was an amended decree, and we refer to it as such.  *See* Tex. R. Civ. P. 329b(e), (h).

[6]The amended decree (1) clarified that it was awarding Wife 50 percent of the community portion of Husband's military retirement; (2) removed the distribution of Husband's military disability benefits; (3) deleted a requirement (the due date for which had passed) that Wife execute and deliver a Ford Focus's certificate of title to the parties' daughter; and (4) deleted several paragraphs that were crossed out by hand in the original decree.  The amended decree did not fix the original decree's facially erroneous factual recitations, though; despite both parties' attorneys approving the amended decree as to form, the amended decree still stated that "[t]he making of a record of testimony [at trial] was waived" and that "there [wa]s no child of the marriage."  *See supra* note 3.

5

## II. Discussion

On appeal, Husband argues that the trial court abused its discretion by (1) awarding Wife all of her pension plan; and (2) awarding Wife attorney's fees in its post-judgment order.

### A. Division of Wife's Pension Plan

First, Husband argues that there was legally insufficient evidence to support the trial court's awarding Wife all of her pension plan rather than dividing the asset equally between the spouses.[7]

#### 1. Standard of Review

A trial court must divide the community estate in a "just and right" manner. Tex. Fam. Code Ann. § 7.001; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.). We review a "just and right" property division for an abuse of discretion. *S.T. v. H.K.*, Nos. 02-21-00408-CV, 02-21-00420-CV, 02-22-00010-CV, 2023 WL 2607751, at *6 (Tex. App.—Fort Worth Mar. 23, 2023, pet. denied) (mem. op.); *see Morin v. Morin*, No. 02-23-00349-CV, 2024 WL 2854875, at *2 (Tex. App.—Fort Worth June 6, 2024, no pet.) (mem. op.); *Watson*, 286 S.W.3d at 522.

---

[7]Wife argues that Husband did not preserve this issue. But when a civil case is tried to the bench, a legal sufficiency challenge may be raised for the first time on appeal. *See* Tex. R. App. P. 33.1(d); *In re Marriage of Williams*, 646 S.W.3d 542, 544–45 (Tex. 2022).

A trial court abuses its discretion if its division of the community estate is not supported by legally sufficient evidence. *See Mehta v. Mehta*, No. 02-22-00069-CV, 2023 WL 3521901, at *2 (Tex. App.—Fort Worth May 18, 2023, pet. granted) (mem. op.). In analyzing the legal sufficiency of a property division, "we must determine (1) whether the trial court had sufficient evidence upon which to exercise its discretion and (2) whether the trial court erred in its application of that discretion." *S.T.*, 2023 WL 2607751, at *6; *see MacLellan v. MacLellan*, No. 02-21-00304-CV, 2022 WL 17841862, at *2 (Tex. App.—Fort Worth Dec. 22, 2022, no pet.) (mem. op.); *Ball v. Roney*, No. 2-08-213-CV, 2008 WL 4831412, at *2 (Tex. App.—Fort Worth Nov. 6, 2008, no pet.) (mem. op.). We view the record in the light most favorable to the trial court's judgment; anything more than a scintilla of supportive evidence is legally sufficient to sustain the challenged property division. *See Mehta*, 2023 WL 3521901, at *2; *S.T.*, 2023 WL 2607751, at *6; *Watson*, 286 S.W.3d at 523.

### 2. No Evidence of Pension's Value

Although a "scintilla" is a low bar, *see Mehta*, 2023 WL 3521901, at *2, the evidence here did not clear it. "Evidence is legally insufficient to support a decree's property division when no evidence of the divided property's value is adduced." *MacLellan*, 2022 WL 17841862, at *3; *B.K. v. T.K.*, No. 02-19-00472-CV, 2021 WL 2149621, at *3 (Tex. App.—Fort Worth May 27, 2021, no pet.) (mem. op.). And here, there was no evidence of the value of Wife's pension plan.

7

While both spouses asked the trial court to divide the plan evenly, neither identified the value of the plan or how its value compared to that of other assets—evidence that the trial court needed to be able to make a "just and right" division. *See* Tex. Fam. Code Ann. § 7.001. Wife testified regarding her current salary and years of service with the pension-providing employer, but there was no evidence of the pension plan's formula, the vesting requirements, the current value, or the other terms. The plan might have had significant value or little value—the record provides no way to tell. And "[w]ithout the ability to determine the size of the community pie, we can make no determination that the slices awarded to each spouse were just and right." *Ball*, 2008 WL 4831412, at *4; *see Sandone v. Miller-Sandone*, 116 S.W.3d 204, 207–08 (Tex. App.—El Paso 2003, no pet.) (similar).

With no evidence regarding the value of Wife's pension plan, the trial court lacked legally sufficient evidence to divide the plan, much less to do so disproportionately. *See Watson*, 286 S.W.3d at 524–25 (holding trial court lacked sufficient evidence upon which to exercise discretion when there was "no evidence concerning the parties' marital assets and debts" and "no evidence to support a disproportionate division of the community estate"); *Ball*, 2008 WL 4831412, at *4 (holding property division was abuse of discretion because there was "a complete absence of evidence . . . to establish the value of the assets and debts"); *Sandone*, 116 S.W.3d at 207–08 (holding property division was abuse of discretion when there was no evidence of separate or community property value); *O'Neal v. O'Neal*, 69 S.W.3d 347,

8

350 (Tex. App.—Eastland 2002, no pet.) (holding property division was abuse of discretion because "[t]here [wa]s no evidence in the record of the value of any of the property divided by the trial court" and one spouse's testimony that the proposed division was fair and equitable was insufficient to support the division).

We sustain Husband's first issue.

## B.      Attorney's Fees

In his second issue, Husband argues that the trial court erred by awarding Wife attorney's fees in its post-judgment order denying his motion for new trial. Husband asserts that there was no legal basis for the fee award, pointing out that the attorney's fees were not a part of the property division, that Wife cited no authority in her request for fees, and that the trial court cited no authority in its award of fees. Wife, however, presents two alternative legal theories to support the award, claiming that the attorney's fees can be affirmed as (1) divorce-proceeding fees or (2) sanctions.

### 1.      Standard of Review

The same standard of review applies to both of Wife's theories of the fee award: we review the award for an abuse of discretion. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (reviewing imposition of sanctions for abuse of discretion); *Willingham v. Willingham*, No. 02-22-00398-CV, 2023 WL 4501832, at *5 (Tex. App.—Fort Worth July 13, 2023, no pet.) (mem. op.) (recognizing that Section 6.708 of the Family Code "gives the trial court broad discretion in deciding whether to award [attorney's] fees").

9

A trial court abuses its discretion if it acts without reference to any guiding rules or principles such that its ruling is arbitrary or unreasonable. *Low*, 221 S.W.3d at 614.

### 2. No Legal Basis for Award

Wife claims that the award of attorney's fees can be affirmed as either (1) divorce-proceeding fees under Family Code Section 6.708 or as (2) sanctions under Rule of Civil Procedure 13 or Civil Practice and Remedies Code Chapter 10.

### a. Not Divorce-Proceeding Fees

Wife's primary argument is that the fee award can be affirmed under Section 6.708 of the Family Code, which authorizes "the [trial] court [to] award reasonable attorney's fees and expenses" in "a suit for dissolution of a marriage." Tex. Fam. Code Ann. § 6.708(c). But there are several flaws in this theory.

First, absent a mandatory statute—which Section 6.708 is not—a party must "plead for an attorney's[ ]fees award pursuant to the Family Code," and Wife did not do so. *See Willingham*, 2023 WL 4501832, at *5 (reversing Section 6.708 fee award).

Second, while Section 6.708 authorized the trial court to award attorney's fees as part of its divorce decree, the trial court did not do that. In fact, the amended divorce decree stated that "each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case." The fee order was separate and apart from the divorce decree, seemingly as a form of add-on relief requested and awarded within the confines of the parties' post-judgment proceedings.

But such add-on relief is not permitted. It is well established that a party requesting post-judgment attorney's fees must secure them in the judgment. *See, e.g.,* *Partners in Bldg., L.P. v. Eure*, No. 14-12-00123-CV, 2013 WL 1279407, at *2 (Tex. App.—Houston [14th Dist.] Mar. 28, 2013, no pet.) (mem. op) (holding trial court erred by awarding attorney's fees for motion enforcing judgment and explaining that appellee was required to request and prove such fees in original trial to recover them); *In re Lesikar*, 285 S.W.3d 577, 586 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (rejecting request to expand scope of remand to permit party to prove and recover fees incurred in appeal; explaining that party waived claim to appellate fees "because in the initial trial, she failed to request appellate fees . . . or procure a finding or judgment on fees for appellate legal services"); *Guajardo v. Tex. Waste Sys.*, No. 04-06-00639-CV, 2008 WL 182871, at *1 n.1 (Tex. App.—San Antonio Jan. 23, 2008, no pet.) (mem. op.) (rejecting appellee's request for remand to recover appellate fees and explaining that, "to obtain attorney's fees on appeal, [appellee] had to obtain a conditional award of appellate attorney's fees in the [trial] court judgment"). Here, the fees were not awarded in the judgment—they were neither in the original nor in the amended divorce decree.

Treating the fee award as an amendment to the judgment would be fruitless for a related reason. Just as a party is required to secure its post-judgment attorney's fees in the judgment, it is required to prove up those fees at trial. *See Varner v. Cardenas*, 218 S.W.3d 68, 69–70 (Tex. 2007) (holding party that failed to prove post-judgment and appellate fees in initial trial could not recover them on remand); *Freeman v. Freeman*, No.

04-15-00453-CV, 2016 WL 2753861, at *1 (Tex. App.—San Antonio May 11, 2016, no pet.) (mem. op.) ("[T]he party requesting attorney's fees for an appeal must present evidence regarding a reasonable fee for those services at the original trial." (quoting *Kurtz v. Kurtz,* No. 14–08–00351–CV, 2010 WL 1293769, at *11 (Tex. App—Houston [14th Dist.] Apr. 6, 2010, no pet.) (mem. op.))); *see also Partners in Bldg.,* 2013 WL 1279407, at *2–3 (explaining that trial court's post-mandate order awarding fees for motion enforcing judgment "materially changed the relief awarded in the judgment" and trial court lacked jurisdiction to issue it). But Wife offered zero evidence of attorney's fees at trial. Indeed, at that point in time, she was pro se and gave no indication that she intended to hire post-judgment counsel. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488 (Tex. 2019) ("[A] party must be represented by an attorney to secure an award of attorney's fees.").

Suffice it to say, then, Section 6.708 of the Family Code does not provide a legal basis for affirming the trial court's fee award. Wife's first legal theory fails.

### b. Not Sanctions

Wife alternatively argues that, if the fee award cannot be sustained under the Family Code, it can be affirmed as a sanction under Rule of Civil Procedure 13 or Civil Practice and Remedies Code Chapter 10 because Husband made "frivolous filings" and included "factually inaccurate allegations" in his motion for new trial. But as Husband notes, a trial court imposing sanctions under Rule 13 or Chapter 10 must identify the sanctionable conduct in its order. Tex. Civ. Prac. & Rem. Code Ann. § 10.005 ("A

12

court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed."); Tex. R. Civ. P. 13 ("No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order."). And here, the trial court's order awarding fees does not mention anything about sanctionable conduct.

There is thus no legal basis to support the trial court's post-judgment award of attorney's fees—the trial court did not reference any, Wife has not cited to any, and the record does not reveal any. Because the award was issued without reference to any guiding rules or principles, it was an abuse of discretion, and we sustain Husband's second issue.

### III. Conclusion

The evidence was legally insufficient to support the trial court's division of Wife's pension plan, so that division requires reversal. And "[o]nce reversible error affecting the 'just and right' division of the community estate is found, [we] must remand the entire community estate for a new division." *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985) (explaining that court of appeals cannot modify property division piecemeal). We therefore reverse the trial court's division of the community estate and remand the case for a new trial on that issue. Tex. R. App. P. 43.2(d).

13

Additionally, because the trial court lacked a legal basis to award Wife attorney's fees in its post-judgment order, we reverse the fee award as well. Tex. R. App. P. 43.2(c).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: December 19, 2024

14