\In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO.  09-13-00554-CV

IN RE JOHNSYE MCDONALD

**Original Proceeding**

## OPINION

This original mandamus proceeding, from the County Court at Law Number One of Jefferson County, Texas, arises from the rendition of two orders in a probate proceeding: one that denied the relator standing to participate in heirship proceedings involving his grandson's interests, and the other that struck his jury demand in connection with the heirship proceedings that would determine whether the real party in interest is one of the decedent's heirs. After reviewing the petition, the mandamus record, and the response of the real party in interest, we conclude the probate court abused its discretion by ruling that the relator was not a "person interested in the welfare" of his grandson and by striking the relator's demand for a jury trial. We conditionally grant the petitioner's request for mandamus relief, and

we order that the probate court set aside its orders dated August 26, 2013, and October 9, 2013.

The probate proceedings at issue were filed following Chad Eric McDonald's death.[1] Following Chad's death, Chad's putative wife, Kaylen Rankin, and Chad's father, Johnsye McDonald, filed competing applications to be named the administrator of Chad's estate. In her application, Kaylen asserts that she and Chad were married and that she is the mother of Chad's son. In Johnsye's competing application, he alleges that Chad was never married; that he is a creditor to Chad's estate, having paid Chad's funeral expenses; and that he is a person "interested in the welfare" of Kaylen's son, who is his grandson. *See* Tex. Est. Code Ann. § 22.018 (West Pamph. 2013).[2] After Kaylen filed her application, the

---

[1]Chad died from injuries sustained in an industrial accident; subsequently, a lawsuit seeking damages resulting from Chad's death was filed. That lawsuit has not yet been resolved.

[2]When the probate court ruled on the matters at issue, the Texas Probate Code applied. Effective January 1, 2014, the Probate Code was repealed and was substantially replaced by the new Texas Estates Code. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, 2009 Tex. Gen. Laws 1512, 1512-1732 (§§ 10-12 reflect the effective date of the Texas Estates Code and the repeal of the Texas Probate Code), *amended by* Act of May 19, 2011, 82nd Leg., R.S., ch. 823, 2011 Tex. Gen. Laws 1901, 1901-2095; Act of May 9, 2013, 83rd Leg., R.S., ch. 161, art. 6, 2013 Tex. Gen. Laws 623, 633-657. Absent substantive changes between the two Codes, we cite to the Estates Code and rely on the Probate Code only when the savings provision of the Estate's Code, based on the decedent's date of death, makes a

2

probate court appointed an attorney ad litem to represent Kaylen's minor son (Johnsye's grandson). *See* Tex. Prob. Code Ann. § 53(b) (West Supp. 2013).

Shortly after filing his competing application to be named the administrator of Chad's estate, Johnsye demanded a jury trial and paid the jury fee. Subsequently, Kaylen, by written motion, challenged Johnsye's standing to participate in the probate proceedings. Kaylen also filed a motion to deposit funds into the registry of the court, and her motion requested that the funds placed in the registry be used to reimburse Johnsye for the funeral expenses he incurred for Chad's funeral.

Following a hearing on Kaylen's motion challenging Johnsye's standing, the probate court ruled that Johnsye had standing to participate in the probate proceedings as a creditor, but that he did not have standing to participate in the proceedings as a person interested in the welfare of his grandson. Approximately one month later, the probate court ordered the county clerk to accept the funds that Kaylen had tendered and to place the funds in the court's registry. The probate court's order further directs that the funds be placed in an "interest-bearing account for the use and benefit" of Johnsye. Approximately two weeks after ordering the

Probate Code section the controlling provision that governs the issues addressed in the Court's opinion.

clerk to accept Kaylen's tender, the probate court struck Johnsye's jury demand "to the extent that it seeks a jury trial on the issue of Kaylen Brooke Rankin's alleged informal marriage to Chad Eric McDonald[.]"

Johnsye appealed from the order striking his jury demand and from the order sustaining Kaylen's challenge to his standing. Because the probate court's orders did not dispose of all of the issues in dispute, we concluded that the probate court's orders were not final; we then dismissed Johnsye's appeal for lack of jurisdiction.[3] Subsequently, Johnsye filed a petition for writ of mandamus, challenging the probate court's decision denying his right to participate in the proceedings as a person interested in his grandson's estate and the probate court's decision striking his demand for a jury.

Standard of Review

The standards that apply to reviewing a party's request seeking mandamus are settled. Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). With respect to the legal issues raised by the relator in his petition, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*,

---

[3]*See In re Estate of McDonald*, No. 09-13-00470-CV, 2013 Tex. App. LEXIS 14508, at *1, *4 (Tex. App.—Beaumont Nov. 27, 2013, no pet.).

827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Trial courts abuse their discretion by failing "to analyze or apply the law correctly[.]" *Id.* Additionally, "the denial of trial by jury is . . . reviewable by mandamus." *In re Prudential*, 148 S.W.3d at 139; *In re Lesikar*, 285 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

Mandamus relief is appropriate when an appellate remedy is inadequate and "when the benefits to mandamus review outweigh the detriments." *In re Paschall*, No. 10-12-00339-CV, 2013 Tex. App. LEXIS 1254, at *6 (Tex. App.—Waco Feb. 7, 2013, orig. proceeding) (mem. op.) (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462, 468-69 (Tex. 2008) (orig. proceeding)); *In re Prudential*, 148 S.W.3d at 136 ("When the benefits [of mandamus review] outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate."). Here, if mandamus review is denied, but Johnsye later demonstrates that he established that he had the right of standing and should have been allowed to participate in the heirship proceedings, the heirship proceedings would need to be retried. Also, in light of the pending third-party lawsuit over Chad's death, it appears that the probate court intends to resolve whether Kaylen and Chad were married before it decides who to appoint to administer Chad's estate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.021 (West 2008).

5

Under the circumstances, the delays associated with a trial and subsequent appeal to resolve whether Johnsye has standing are substantial, as the delays would likely adversely impact all of the parties to this proceeding. Additionally, the delays related to resolving who are Chad's rightful heirs will result in delays in the suit brought by Chad's estate. By resolving issues of standing now, both the parties to the heirship proceedings as well as the parties to the third-party suit that relates to Chad's death can proceed with the assurance that the procedural questions raised in Johnsye's petition have been resolved.

We conclude that the benefits of mandamus review outweigh its detriment. *See In re Butler*, No. 09-09-00432-CV, 2009 Tex. App. LEXIS 9552, at *6 (Tex. App.—Beaumont Dec. 17, 2009, orig. proceeding) (mem. op.) (concluding that, with respect to a statutorily required transfer of proceedings, an appellate remedy was inadequate when the benefits of mandamus outweighed the detriments). Therefore, we will consider Johnsye's arguments that the trial court abused its discretion in denying him standing to participate in the proceedings to resolve whether Kaylen is Chad's heir.

## Standing

Resolving whether Johnsye has standing to participate in the probate proceedings turns on whether Johnsye is an "interested person" with respect to

6

Chad's estate. The Estates Code defines an "'interested person'" or "'person interested'" as

> (1) an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered; and

> (2) anyone interested in the welfare of an incapacitated person, including a minor.

Tex. Est. Code Ann. § 22.018. "'Claims'" of a decedent include "funeral expenses[.]" *See id.* § 22.005 (West Pamph. 2013).

Johnsye maintains that he qualifies as an "interested person" because he is a creditor to Chad's estate, having paid the funeral expenses for his son, and because he is interested in the welfare of his minor grandson. He does not claim that he is an heir of Chad's estate.

First, we address Johnsye's argument that he has standing to the heirship proceedings because he is a creditor of Chad's estate. Johnsye alleged at the hearing and in an amended application that he paid for the memorial marker and burial space for his son; his affidavit, attached to an amended application to be appointed administrator, provides support for that claim. Copies of bills showing charges that relate to Chad's funeral, paid by Johnsye, were also admitted during the hearing. Additionally, the record contains an affidavit by the cemetery's chief

7

financial officer, along with copies of the bills, checks, and receipts; they provide further support to show that Johnsye paid bills that are related to Chad's funeral.

Relying on his pleadings and the undisputed evidence submitted to the probate court, Johnsye argues that he demonstrated that he has standing to participate as a party in the heirship proceedings involving Chad's estate. *See id.* §§ 22.018, 55.001 (explaining that a person interested in an estate may file at any time before an issue is decided a written opposition to the issue), 55.002 (providing a right to a jury trial to a party in a contested probate proceeding) (West Pamph. 2013). Kaylen does not dispute that Johnsye paid some of Chad's funeral expenses.

With respect to the priority given to claims against an estate, the Estates Code gives funeral expenses the highest priority in an estate's administration. *See id.* § 355.102 (West Pamph. 2013). Significantly, as an interested person in the estate, the Estates Code provided Johnsye with the right, before the probate court decided the issue, to file a written opposition to any issue pertaining to the probate proceedings before the court. *See id.* § 55.001; *see also id.* § 31.001(3) (providing that heirship determinations are under the scope of probate proceedings) (West Pamph. 2013). Because Johnsye demonstrated that he is a creditor, he has standing to participate in the probate proceedings before the probate court.

Additionally, in the case before us, the proceedings that were in the probate court combined both heirship and administration issues. Kaylen filed her application to determine Chad's heirs in the same cause number that she filed her application seeking appointment as the administrator of Chad's estate. *See* Tex. Est. Code Ann. §§ 202.001-202.206 (West Pamph. 2013). In her application, Kaylen alleged that Chad died intestate, that she was Chad's spouse, and based on that relationship, his heir. Approximately three months later, Kaylen filed an "Application for Determination of Informal Marriage."

Kaylen could have filed the heirship proceeding independently of her request for letters of administration. *Compare* Tex. Est. Code Ann. § 202.002 (providing when a proceeding to declare heirship can be filed), *with id.* §§ 202.101, 202.103 (explaining that the heirship proceeding is to be transferred to the court overseeing the administration if an administration is granted and authorizing the probate court to "consolidate the [heirship] proceeding with the other proceeding pending in that court" if the probate court so chooses). By filing the matters in the same cause, Kaylen chose to join the heirship issues with the issues that concerned the administration of Chad's estate. At this stage of the proceedings, the probate court has not yet made a determination of Chad's heirs. *See id.* § 202.202. We hold

9

that as a creditor in the combined administration and heirship proceedings at issue, Johnsye had standing to participate in them. *See id.* §§ 55.001, 55.002.

We further conclude that Kaylen's tender of funds into the court's registry did not extinguish Johnsye's status as a creditor of the estate. Johnsye's claim has not yet been presented to the administrator of Chad's estate, and Johnsye's claim as a creditor has not yet been allowed or rejected. Thus, Kaylen's tender has not extinguished the administrator's right, after the administrator is qualified, to dispute Johnsye's claim. *See* Tex. Est. Code Ann. §§ 355.001-355.113 (West Pamph. 2013) (Chapter 355. Presentment and Payment of Claims).

Next, we address Johnsye's claim that he has standing based on his alleged interest in the welfare of his minor grandson. *See* Tex. Est. Code Ann. § 22.018. With respect to that argument, Johnsye's amended application alleges that he "has possession of the minor child [] pursuant to court order." Also, prior to the probate court's rendition of its August 26 order, Johnsye filed a sworn affidavit attached to another amended petition that states that his grandson "has resided in my home since July 9, 2012, over a year ago, due to placement by the Texas Department of Family and Protective Services." A copy of the order issued by a family court reflects that the court placed Johnsye's grandson in his care, and the order was

10

admitted into evidence during the hearing the probate court conducted on the issue of standing.

The Estates Code expressly grants standing to "anyone interested in the welfare" of a minor. *See id*. § 22.018(2). When the probate proceeding at issue occurred, the record shows that a suit affecting the parent child relationship (SAPCR) concerning Johnsye's grandson was pending in the family court. Those proceedings resulted in an emergency order of protection placing Johnsye's grandson in his care for over a year, starting in July 2012. Johnsye's grandson was still subject to the emergency order when the hearing in the probate court occurred.[4] As of the date of the hearing, the record[5] before the probate court demonstrated that Johnsye had a sufficient interest regarding his grandson to

[4]We note that under the general standing statute in the Texas Fam. Code, "[a]n original suit [affecting the parent child relationship] may be filed at any time by[] a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition[.]" *See* Tex. Family Code Ann. § 102.003(9) (West Supp. 2013).

[5]Kaylen's response to Johnsye's petition for mandamus includes further proceedings in the probate court that were not before the probate court when it rendered the August 2013 order at issue. In original proceedings, in determining whether the probate court abused its discretion, we focus on the record before the court when the decision was made. *See In re Bristol-Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex. 1998) (orig. proceeding). "We will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of this original proceeding." *In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding).

qualify as a person interested in the minor's welfare. Because the probate court interpreted the standing provision at issue too narrowly, we conclude the probate court failed to analyze and apply the law properly, causing it to reach the erroneous conclusion that Johnsye did not have standing to participate in the heirship proceedings that will be conducted to determine whether Chad and Kaylen were married when Chad died. We hold the probate court abused its discretion by denying Johnsye's right to participate as a party to the heirship proceedings involving Chad's estate, as memorialized in the probate court's August 2013 order.

Kaylen argues that Johnsye's evidence does not demonstrate that he has a legal interest in his grandson, and she concludes that Johnsye cannot qualify as an "interested person" because her rights as a parent have not been terminated. Kaylen suggests that with respect to minors involved in heirship proceedings, the Legislature gave rights of standing only to a parent, a court appointed ad litem, or a person appointed by a court to represent the minor's interests. Kaylen also argues that her son's legal interests in the proceedings are adequately represented by her and by a court-appointed ad litem. Kaylen concludes that the probate court did not abuse its discretion by denying Johnsye standing in the heirship proceedings in which he does not claim that he is Chad's heir.

The cases that Kaylen cited in her response to the petition for mandamus do not hold that only parents or court-appointed representatives have standing to be heard in probate proceedings that involve a minor's interest. Moreover, none of the cases on which Kaylen relies involved a person who had possession of a minor for the length of time that Kaylen's son was in Johnsye's possession under the terms of a court ordered SAPCR. We are not persuaded that the Legislature, by passing a statute that allows "anyone interested in the welfare" of the minor to participate in probate proceedings, intended to restrict the persons granted standing to the limited groups Kaylen identifies in her response.

### Right to Jury Trial

The Texas Constitution guarantees the right to a trial by jury on disputed questions of fact. *See* Tex. Const. art. I, § 15 ("The right of trial by jury shall remain inviolate."); *see also id.* art. V, § 10 (stating that "no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury"). "The right to jury trial is one of our most precious rights[.]" *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997). The right to receive a trial by jury in civil cases is not absolute: a party must make a timely written demand for a jury and pay the appropriate jury fee. Tex. R.

Civ. P. 216. In this case, Johnsye made a timely demand for a jury trial and paid the jury fee.

A party's right to receive a jury trial extends to contested probate proceedings. Tex. Est. Code Ann. § 55.002. Among other matters, probate proceedings are defined to include the issuance of letters of administration, a claim arising from an estate administration and any action brought on the claim, as well as an heirship determination. *Id.* § 31.001(2), (3), (5) (West Pamph. 2013). In the case now before us, Kaylen chose to institute the proceedings by combining the issues involving heirship with the issues relating to the administration of Chad's estate.

Although Johnsye is a creditor with a claim that has not yet been approved or disapproved by the administrator of the estate, the probate court struck Johnsye's jury demand. *See id.* § 55.001. However, the record shows that Johnsye secured his right to receive a trial by jury because he filed a timely written demand for a jury trial and he paid the jury fee. *See id.* § 55.002. As Kaylen's tender of funds into the court's registry occurred before an administrator was appointed, her action could not bind the administrator, nor did her tender eliminate any potential dispute between Johnsye and the administrator regarding his claim.

Under the circumstances, and considering our conclusion that Johnsye has standing to participate in the proceedings as a person interested in his grandson's welfare, we hold the probate court abused its discretion by granting Kaylen's motion to strike Johnsye's timely filed demand for a jury trial.

## Conclusion

The probate court abused its discretion by denying Johnsye McDonald the right to participate in the heirship portion of the probate proceedings at issue and by striking his jury demand. We conditionally grant the writ. We are confident the probate court will withdraw its orders of August 26, 2013, and of October 9, 2013; therefore, the writ of mandamus will issue only if these two orders are not withdrawn within a reasonable time.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on December 20, 2013
Opinion Delivered February 27, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

15