**Affirm in part; Reverse and Remand in part; Opinion Filed April 27, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01311-CV

## IN THE INTEREST OF J.M.B. AND T.A.D.B., CHILDREN

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-15-0407**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

The children's mother ("Mother") appeals the trial court's judgment terminating the parent–child relationship between her and her two children. Mother brings one issue on appeal contending the trial court erred by denying her a jury trial when she had filed a written demand for a jury trial more than thirty days before the final hearing. We conclude the trial court committed reversible error by denying Mother's timely request for a jury trial. We affirm the trial court's termination of the father's parental rights,[1] reverse the termination of Mother's parental rights, and we remand the cause for further proceedings.

### BACKGROUND

Rule of Civil Procedure 216 provides that there shall not be a jury trial in a civil case unless a party makes a written request for a jury trial within a reasonable time before the non-jury trial setting and at least thirty days before the trial setting. TEX. R. CIV. P. 216(a); *see also*

---

[1] The trial court's judgment also terminated the parent–child relationship between the children and their father. The father does not appeal.

TEX. CONST. art. 5, § 10 ("[N]o jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.").

The State filed its original petition for termination of Mother's parental rights on March 30, 2015. The State's suit was subject to the Family Code's one-year dismissal date under section 263.401 which required dismissal of the suit if trial was not commenced on or before, March 30, 2016. The trial court granted a six-month extension of the statutory dismissal date, which moved the dismissal date to September 30, 2016. *See* TEX. FAM. CODE ANN. § 263.401 (West Supp. 2016).

Mother filed a written request for a jury trial on February 10, 2016. At a permanency-review hearing on March 23, 2016, attended by Mother and her attorney, the trial court informed the parties that the case was set for a final trial on August 31, 2016. The trial court saw Mother's request for a jury trial in the file. Mother's attorney told the court she might withdraw the request but that she needed to consult with Mother first. The court then said the trial date was for a bench trial, it was "just fine" if Mother wanted a jury trial, but Mother should tell the court "pretty soon" if she wanted a jury trial. Neither Mother nor her attorney informed the trial court before the day of trial whether they intended to insist on a jury trial or whether they preferred a nonjury trial.

On the day of trial, Mother's attorney told the trial court she wanted to withdraw from representing Mother because Mother wanted new counsel, and the attorney requested a continuance of the trial. The trial court denied the requests for withdrawal and for continuance because of the pending dismissal date. Mother's attorney then stated that if the court would not let her withdraw, then she wanted a re-setting of the case for a jury trial. The trial court denied that request, stating there was not time to schedule a jury trial before the dismissal date. The

case was then tried to the court without a jury. At the end of the trial, the court rendered judgment terminating Mother's parental rights.

In the order terminating Mother's parental rights, the trial court stated, "At the final hearing on August 31, 2016, Respondent Mother requested a jury trial which was denied by the Court as untimely." The trial court also stated in the order that the court found by clear and convincing evidence that Mother committed actions authorizing termination under section 161.001(b)(1)(D), (E), (F), and (O)[2] of the Family Code, and that termination of the parent child relationship between her and the children was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2016).

## RIGHT TO JURY TRIAL

In her sole issue on appeal, Mother contends the trial court erred by denying her request for a jury trial. "The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gen. Motors Corp. v. Gayle*, 951 S.W.3d 469, 476 (Tex. 1997) (orig. proceeding) (quoting *White v. White*, 196 S.W. 508, 512 (Tex. 1917)). The Texas Constitution guarantees the right to trial by jury. *See* TEX. CONST. art. I, § 15. Likewise, the Family Code authorizes jury trials in most situations, including termination of the parent–child relationship. *See* TEX. FAM. CODE ANN. § 105.002 (West 2014). We review a trial court's denial

---

[2] These statutory provisions for termination are that the parent:

> (D) knowingly placed or knowing allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
>
> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;
>
> (F) failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition;
>
> . . . .
>
> (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child . . . .

TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (F), (O) (West Supp. 2016).

of a jury demand for an abuse of discretion. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). We examine the entire record and reverse only if the trial court's decision is arbitrary, unreasonable, or without reference to guiding principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)).

To be entitled to a jury trial, Mother had to make a written request for a jury within a reasonable time and either pay the jury fee or file an affidavit of inability to pay the fee. *See* TEX. R. CIV. P. 216, 217. A jury request filed thirty or more days before the trial setting is presumed reasonable. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991) (per curiam). The adverse party may rebut that presumption by showing that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business. *Id.*

In this case, Mother filed her request for a jury trial on February 10, 2016, 203 days before the August 31 trial setting. Mother had already filed an affidavit of indigency, so her right to a jury trial was perfected. The trial court, however, did not move the case from the nonjury-trial docket to the jury-trial docket. Instead, the trial court left the case on the nonjury-trial docket and required Mother to make a second jury-trial demand. This procedure was not authorized by rule or statute. Rule of Civil Procedure 217 states that when a party requests a jury trial and the party has filed an affidavit of indigency, "the court shall then order the clerk to enter the suit on the jury docket." TEX. R. CIV. P. 217. Absent a waiver by Mother of her right to a jury trial, the court could not impose any additional burdens on Mother to secure a jury trial when she had previously made a timely written jury-trial demand and had filed an affidavit of indigency.

Although the record shows that the granting of a jury trial in this case would have disrupted the court's docket, that disruption would not have been due to the date of Mother's

jury-trial request. Instead, it would have been due to the trial court leaving the case on the nonjury-trial docket when the court knew Mother had perfected her right to a jury trial. The trial court's statements at the March 23, 2016 hearing indicated that holding a jury trial on the case before September 30, 2016 would not have disrupted the trial court's docket if the court had followed rule 217 and placed the case on the jury-trial docket at that time. Although the trial court has broad discretion in administering its docket, the trial court has no discretion to deny a party's request for a jury trial when the party has requested a jury trial a reasonable time before the trial date and has paid the fee or filed an affidavit of indigency. *See* TEX. R. CIV. P. 216, 217; *In re Baker*, 495 S.W.3d 393, 396 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *In re McDonald*, 424 S.W.3d 774, 781–82 ((Tex. App.—Beaumont 2014, orig. proceeding). *Cf. In re K.A.H.*, No. 05-16-01067-CV, slip op. at 6 (Tex. App.—Dallas Apr. 27, 2017, no pet. h.) (jury request not filed within reasonable time before trial setting); *In re B.P.*, 10-15-00318-CV, 2016 WL 192292, at *1 (Tex. App.—Waco Jan. 14, 2016, pet. denied) (mem. op.) ("The trial court has discretion to deny a jury trial in the absence of a timely request for a jury or payment of the applicable jury fee."). In this case, the trial court had no discretion to deny Mother a jury trial when she timely requested it, had not subsequently waived it, and the record showed that holding a jury trial would not have disrupted the trial court's docket if the court had followed rule 217 and instructed the clerk to enter the case on the jury-trial docket at the time it was requested. The trial court's denial of Mother's request for a jury trial was made without reference to guiding principles.

We conclude the trial court abused its discretion by denying Mother a jury trial when she filed her jury-trial request more than six months before the trial setting.

**REVERSIBLE ERROR**

Having found the trial court erred by denying Mother's request for a jury trial, we must consider whether the error was reversible. Error is not reversible on appeal unless it probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). The erroneous "refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell*, 810 S.W.2d at 372.

For the court to terminate Mother's parental rights, a jury would have to find Mother committed an act prohibited by section 161.001(b)(1) and that termination was in the best interest of the child. *See* FAM. § 161.001(b)(1), (2). In this case, Mother conceded she had failed to meet the requirements of the parenting plan, and no evidence shows she completed the plan. *See id.* § 161.001(b)(1)(O). Therefore, we must determine whether any evidence shows that termination of the parent–child relationship was not in the best interest of the children.

Mother testified she was working and raising her children without problems until her infant child died due to SIDS, after which she had a nervous breakdown. She was diagnosed as suffering from paranoid schizophrenia, bipolar disorder, depression, and PTSD. This case was opened when Mother tried to commit suicide by taking an overdose of medication. During the time this case was pending in the trial court, Mother was in and out of mental hospitals as health professionals tried to find the medicines that would work for her mental conditions. Due to the time she spent in the hospital, she was unable to visit the children regularly and complete the services required by the parenting plan. When she was not in the hospital, she had difficulty finding work. She did not have a car or money, so she had difficulty getting to appointments and could not afford the fees for some of the classes that were part of the parenting plan. She testified that as of the date of trial, she had been out of the hospital for about two months, the medicines she was taking were working for her, and her mental health was in order. She also

testified she had two job offers. She told the trial court she wanted the children placed with relatives until she could prove herself ready to care for the children. We conclude Mother's testimony constitutes some evidence raising a material issue of fact of whether termination of the parent–child relationship between Mother and her children was in the children's best interest. Therefore, the trial court's denial of Mother's request for a jury trial was harmful. *See Halsell*, 810 S.W.2d at 372.

We sustain Mother's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment to the extent it terminates the parent–child relationship between the children and their father. In all other respects, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings..

/Lana Myers/
LANA MYERS
JUSTICE

161311F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.M.B. AND
T.A.D.B., CHILDREN

No. 05-16-01311-CV

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. FA-15-0407.
Opinion delivered by Justice Myers. Justices
Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part as follows: The judgment of the trial is **AFFIRMED** to the extent it terminates the parent–child relationship between Marcus Boyd and the children; in all other respects, the judgment is **REVERSED**. We **REMAND** the cause to the trial court for further proceedings.

Judgment entered this 27th day of April, 2017.