

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00062-CV

IN RE THOMAS TILLOTSON

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Thomas Tillotson objected to the Inventory, Appraisement, and List of Claims[1] filed by Kristi Hoyl, Administratrix of the Estate of Leah Rita Tillotson,[2] claiming that the inventory omits various needed offsets and credits and lacks needed itemization and/or documentation. He also requested a jury trial on his objections, but the trial court[3] denied his request and set his objections for a bench trial. Tillotson has petitioned this Court for mandamus relief to get his desired jury trial. Because Tillotson has failed to show himself entitled to a jury trial in this circumstance, we deny his petition.

To be entitled to mandamus relief, the relator must show (1) that he or she has no adequate remedy at law and (2) that the action he or she seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

---

[1] Tillotson later filed amended objections to an amended Inventory, Appraisement, and List of Claims. The fact of the amendment is not relevant to this mandamus action.

[2] Hoyl also filed against Tillotson an Application for Declaration of Ownership in Property and for Turnover of Property, which sought an adjudication of ownership and turnover of the property listed in the inventory. In a single responsive pleading, Tillotson filed a general denial to the application, as well as his objections to the inventory. The application was later nonsuited. That application is irrelevant to this mandamus action.

[3] The Honorable Amy Smith is sitting by assignment in the County Court at Law No. 2 of Hunt County.

The denial of a jury trial, when a right to one is clearly shown, is reviewable pretrial by mandamus. *In re Lesikar*, 285 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (citing *In re Prudential*, 148 S.W.3d 124, 139 (Tex. 2004) (orig. proceeding)). If a petitioner waits until after trial to seek mandamus relief from the wrongful denial of a prior jury demand, mandamus may be denied because there would be an adequate remedy by appeal. *See In re Johnson*, 238 S.W.3d 846, 848 (Tex. App.—El Paso 2007, orig. proceeding). Here, Tillotson seeks mandamus relief before trial. He stands to lose a substantial right[4] if mandamus review is denied because, if, on appeal, he were to demonstrate a right to a jury trial, his objections to the inventory would need to be retried. *See Rosenthal v. Ottis*, 865 S.W.2d 525, 529 (Tex. App.—Corpus Christi 1993, orig. proceeding) (stating adequate remedy by appeal does not exist for denial of jury trial). Therefore, Tillotson lacks an adequate remedy by appeal. *Prudential*, 148 S.W.3d at 136; *In re McDonald*, 424 S.W.3d 774, 778 (Tex. App.—Beaumont 2014, orig. proceeding).

"In a contested probate . . . proceeding in a probate court, a party is entitled to a jury trial as in other civil actions." TEX. EST. CODE ANN. § 55.002. Among other matters, probate proceedings are defined to include the issuance of letters of administration; "an application, petition, motion, or action regarding . . . an estate administration"; a claim arising from an estate administration; and any action brought on the claim, as well as an heirship determination. TEX. EST. CODE ANN. § 31.001(2)–(5).

---

[4]The right to a trial by jury is a substantial right. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

3

Tillotson contends that his objections to the inventory amount to a contested probate matter, entitling him to a jury trial. In support of his argument, he cites *McDonald*, where the probate court struck a petitioner's jury demand, but mandamus was granted because the petitioner, the father of the decedent, was challenging heirship and sought to be named administrator. *McDonald*, 424 S.W.3d 774. However, the facts of *McDonald* are distinguishable from those in this case, because Tillotson is not challenging heirship or the issuance of letters of administration, which are clearly contested probate proceedings. *See* TEX. EST. CODE ANN. § 31.001(2)–(3). Furthermore, Tillotson has neither filed an adversarial claim for money owed by the estate, nor challenged the administration of the estate. *See* TEX. EST. CODE ANN. § 31.001(2)–(5). Therefore, Tillotson has not shown this to be a contested probate proceeding under Section 55.002.

Here, the order denying Tillotson's jury demand states that he demanded a jury on his "Objections under Tex. Estate Code 309.103 to the Administratrix's . . . Inventory." Section 309.103 provides:

> (a)     Any interested person who considers an inventory, appraisement, or list of claims or an affidavit in lieu of the inventory, appraisement, and list of claims to be erroneous or unjust in any particular may:
>
> > (1)     file a written complaint setting forth the alleged erroneous or unjust item; and
> >
> > (2)     have the personal representative cited to appear before the court and show cause why the item should not be corrected.
>
> (b)     On the hearing of the complaint, if the court is satisfied from the evidence that the inventory, appraisement, or list of claims or an affidavit in lieu of the inventory, appraisement, and list of claims is erroneous or unjust as alleged in the complaint, the court shall enter an order:

> (1) specifying the erroneous or unjust item and the corrections to be made; and
>
> (2) if the complaint relates to an inventory, appraisement, or list of claims, appointing appraisers to make a new appraisement correcting the erroneous or unjust item and requiring the filing of the new appraisement before the 21st day after the date of the order.

TEX. EST. CODE ANN. § 309.103(a), (b). The section does not provide for a jury trial on Tillotson's objections. Indeed, a bench trial is indicated because in an appeal of a complaint under Section 309.103, abuse of discretion is the appropriate standard of review. *See In re Estate of Walker*, 250 S.W.3d 212, 214 (Tex. App—Dallas 2008, pet. denied) (considering Section 258 of the Texas Probate Code statutory predecessor to Section 309.103). Tillotson has failed to support his claimed right to a jury trial regarding his objections and challenges to the inventory, and we are aware of no authority to that effect. Therefore, having reviewed the petition, response, and the record provided, we find that Tillotson has failed to show any abuse of discretion.

Accordingly, we deny the petition.

Josh R. Morriss, III
Chief Justice

Date Submitted: July 22, 2019
Date Decided: July 23, 2019

5